JAMES V. GREEN *vs.* EASTERN RAILWAY COMPANY OF MINNESOTA.

Argued by appellant, submitted on brief by respondent, Dec. 2, 1892. Decided Dec. 27, 1892.

**Railway Negligence at a Street Crossing.**

Evidence *held* to justify the charge of negligence in failing to give signal of the approach of a railway train to a street crossing, by reason of which the plaintiff's horses, being driven by the plaintiff on the street towards the crossing, were frightened, and caused the injury of the plaintiff.

**City Charter—A Specific Authority Held not to Restrict a General.**

Specific authority in a city charter to regulate by ordinance the speed of railway trains *held* not to restrict a general grant of authority which, standing alone, would have authorized the adoption of an ordinance requiring a flagman to be kept at a railroad crossing.

Appeal by defendant, Eastern Railway Company of Minnesota, from a judgment of the District Court of Anoka County, *Canty, J.,* entered April 9, 1892, for $552.96.

The plaintiff, James V. Green, a farmer, was on December 17, 1891, at half past five o'clock in the evening, driving his horse team north along Seventh avenue in Anoka, towards the point where defendant's railroad crosses it at grade. The night was dark, the weather cold and the street rough. Plaintiff was seated in his buggy, driving home, and when within a few feet of the crossing, a train went by, going east on its way to St. Paul. This frightened his horses and they jumped and whirled around, throwing plaintiff out. He was bruised and his left hand and elbow injured. The view of the railroad track westward from the avenue was obstructed; no flagman was stationed at the crossing; no warning bell was rung or whistle blown. This action was for damages he sustained, he claiming that his injuries were received by reason of the defendant's negligence. He had a verdict February 3, 1892; a new trial was refused, judgment was entered, and defendant appeals.

*M. D. Grover,* for appellant.

*E. Hammons,* for respondent.

DICKINSON, J. At about half past five o'clock, or a little later, in the afternoon of the 17th of December, 1891, it having then become dark, the plaintiff, in an open buggy with a span of horses, drove north on Seventh avenue in the city of Anoka towards the track of the defendant, which crossed that street. As he approached the crossing to within about twenty-five or thirty feet of the railroad track a passenger train from the west ran over the crossing, frightening the horses so that they wheeled suddenly, throwing the plaintiff out of his buggy, causing injuries for which this action is brought. Liability on the part of the defendant is attributed to the failure to give any signal or warning of the approach of the train, including the neglect of the defendant to station a flagman at this crossing.

As to the fact of the negligence of the defendant a case was presented which entitled the plaintiff to go to the jury. The evidence was conflicting as to whether any signal was given from the loco-

motive, and there was no flagman at the crossing. The evidence also tended to show that for a distance of about two blocks south of the crossing the plaintiff could not have seen an approaching train by reason of intervening buildings and a high fence. Such obstruction to the view on the west side of the street extended to within thirty-six feet of the center of the railroad track. The evidence, as returned, does not show very distinctly the opportunities of the plaintiff for seeing an approaching train while he was at a greater distance than two blocks from the crossing, although it is shown that at some places at least one could see between intervening buildings. The plaintiff's evidence was that he both looked and listened, walking his horses, but did not see or hear the train, or any signal, until the train dashed in front of his team.

From the fact that there was no collision with the train, it does not follow that the neglect to ring the bell or to have a flagman at the crossing was immaterial. It cannot be assumed that, if signals of the approach of the train had been given, the plaintiff would not have heard or seen them, and have stopped his horses (although he says they were "safe and true") at such a distance from the track that the passing train would not have greatly frightened them.

An ordinance of the city, requiring railroad companies whose trains crossed this avenue to keep a flagman there to give signal of the approach of cars and locomotives, was received in evidence, the defendant objecting. The suggestion now made, that the ordinance is uncertain in its terms, requiring the presence of a flagman "at all necessary times of day and night," was not, we think, called in question by the objection stated at the trial, which seems to have been directed to the point that the charter of the city did not authorize the council to pass an ordinance upon this subject, and, further, perhaps, that the ordinance was unreasonable. It is apparent that the trial court so understood the objection, and was justified in so doing.

It is expressly conceded on the part of the appellant that under the general powers conferred on the city council it had authority to make any reasonable regulation upon the subject, unless such general authority is to be deemed restricted by Sp. Laws 1889, ch. 9, subch. 4, § 5, subd. 38. By that section the city council is express-

ly authorized to enact ordinances for the various purposes specified, among which is that above referred to, the thirty-eighth : "To regulate the speed of cars and locomotives within the limits of said city, and prevent the obstruction of any street  *  *  *  by any railroad car, locomotive, or train of cars." The general safety clause of the charter, Sp. Laws 1889, ch. 9, subch. 4, § 3, which confessedly is sufficiently comprehensive to include authority to pass a proper ordinance upon the subject under consideration, confers such general authority "in addition to any other powers herein granted." It thus appears that it was not intended that the specific enumeration of subjects or cases in section 5 should comprehend all the cases or subjects to which the authority of the council should extend. Nor is the nature of the special provision relating to the speed of railway trains such, or so related to the subject of stationing flagmen at street crossings, that it is to be construed as restricting the general grant of power so that it shall not extend to the latter subject. While the two subjects relate to railroad operations, they are otherwise different and distinct. The case is distinguishable from that of *State* v. *Hammond,* 40 Minn. 43, (41 N. W. Rep. 243.)

Neither the assignments of error nor the exceptions raise the point that the court erred in submitting to the jury the question whether the ordinance was reasonable.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 808.)