STATE OF IOWA v. A. B. STROUD, *et al.*, Appellants.

**Disturbing Religious Services:** INFORMATION. An information alleging that defendants disturbed religious services, to the annoyance of the congregation, by "loud talking and laughing, contrary to the statute in such cases made and provided," is fatally defective under Code, section 4023, making it punishable to "wilfully" disturb any congregation met for religious worship.

SAME. The phrase "contrary to the statute," etc., is not a requisite to an indictment, and cannot supply omitted averments of facts therein, nor take the place of "willfully."

*Appeal from Dallas District Court.*—HON. A. W. WIL-KINSON, Judge.

### FRIDAY, OCTOBER 9, 1896.

INFORMATION for disturbing religious services. Verdict of guilty, and the defendants appealed.— *Reversed.*

*S. D. Nichols* for appellants.

*Milton Remley*, attorny general, for the state.

GRANGER, J.—The information is laid under section 4023 of the Code, as follows: "If any person wilfully disturb or disquiet any assembly of persons met for religious worship by profane discourse, or rude and indecent behavior, or by making a noise either within the place of worship, or so near as to disturb the order and solemnity of the assembly, he shall be punished," etc. The information charges the disturbance by loud talking and laughing, without the charge that it was willfully done. It is thought that the absence of this averment is fatal to the information. In *State v. Butcher*, 79 Iowa, 110 (44 N. W. Rep.

239), it is said: "The facts constituting the offense should be stated with as much precision in an information as in an indictment." In an indictment such an omission would be fatal. The body of the information is as follows: "The above named defendants are accused of the crime of disturbing the religious services of the Bethel U. B. Church, in Linn township, Dallas county, Iowa. Said defendants did then and there, on the fourth day of February, A. D. 1894, disturb the religious services, to the annoyance of the congregation, by loud talking and laughing, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Iowa." Take from the information the words "contrary to the statute in such cases made and provided," and a plea of guilty, without any doubt, would not authorize a punishment; for the disturbance of religious services by loud talking or laughing is not a crime. It might be done not knowing that such services were being conducted. It might be innocently done in many ways. The law says it must be "willfully" done. It is not the office of the words "contrary to the statute in such cases made and provided" to supply averments of facts in an indictment. The averment is not a requisite to an indictment in this state. Its office is, where there are both common law and statutory offenses, and the indictment is laid under the statute, to indicate that fact. 1 Wharton Prec. Ind. 30. The statement means that the offense charged is a statutory one. It in no sense supplies omitted facts. The information not charging an offense, the judgment is REVERSED.