CITY OF RED WING v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

May 12, 1898.

Nos. 11,052—(99).

**Municipal Corporation — Ordinance Requiring Flagman at Railroad Crossing—Validity.**

Held, under a general clause in a city charter giving to the members of its council "full power and authority to make, enact, ordain, establish, publish, enforce, alter, modify, correct and repeal all such ordinances, rules and by-laws for the government and good order of the city, for the suppression of vice, as they shall deem expedient; * * * and such ordinances, rules and by-laws are hereby declared to be and have the force of law, and for these purposes shall have authority by ordinance, resolution or by-laws; provided, that they be not repugnant to the constitution and laws of the United States or of this state: (1) To license and regulate," etc.,—followed by a special enumeration of various subjects upon which the council could legislate, that no power was conferred, impliedly or otherwise, to adopt an ordinance requiring a railway company to maintain a flagman at such street crossings as such council might require.

**Same—Power not Implied from Grant of Common-Law Powers.**

Nor can the power to enact such an ordinance be implied from the fact that the charter granted "the general powers possessed by municipal corporations at common law."

**Same—Care of Streets.**

Nor can the power be implied from the fact that the charter confers upon the city the care, control, and management of the streets within its limits.

**Same—Police Power.**

Nor can such an ordinance be adopted or enforced in the lawful exercise of the police power of the city.

**Same—Void Ordinance—Ratification by Amendment to Charter.**

An amendment to a city charter which provides that all ordinances of such city theretofore made shall remain in force does not validate an ordinance which was void because unauthorized.

Action in the district court for Goodhue county. The complaint alleged, among other things, that April 30, 1886, the city council of plaintiff city adopted an ordinance which included the following provisions, viz.:

Sec. 2. "Whenever so required by resolution of the city council of said city, it shall be the duty of every railroad company whose track crosses any street or road within the city limits to keep and employ a flagman at such particular street or road crossing as the city council may direct, and such flagman shall give the necessary warning of the approach of all locomotives, trains or cars, to avoid danger to persons and property."

Sec. 9. "Any railroad company or corporation that shall refuse or neglect to comply with the provisions of section two of this ordinance shall forfeit and pay to said city the sum of five dollars for each and every day that such default or neglect shall continue; to be recovered in the name of said city before any court of competent jurisdiction."

The complaint further alleged that June 4, 1897, the city council passed a resolution requiring defendant to place, keep and maintain a flagman on its railroad crossing over Jackson street. The action was brought to recover the penalty provided by section 9 of the ordinance, on account of defendant's neglect to comply with the resolution.

At the trial before Crosby, J., and a jury defendant objected to the introduction of any evidence under the complaint for the reason that it did not state facts sufficient to constitute a cause of action, and the court sustained the objection and granted defend-

72 M.—16

ant's motion to dismiss the action. From an order denying a motion for a new trial, plaintiff appealed. Affrmed.

*J. C. McClure*, for appellant.

In support of his contention that the council had power to adopt the ordinance, counsel cited: Kinsley v. Chicago, 124 Ill. 359; State v. Williams, 11 S. C. 288; State v. Merrill, 37 Me. 329; State v. Clark, 28 N. H. 176; Hudson v. Geary, 4 R. I. 485; State v. Freeman, 38 N. H. 426; Morris v. City Council, 10 Ga. 532; Railroad Co. v. Richmond, 96 U. S. 521; Texton v. Baltimore, 59 Md. 63; Hayes v. Michigan, 111 U. S. 228; Com. v. Worcester, 3 Pick. 462; Com. v. Stodder, 2 Cush. 562; Washington v. Mayor, 1 Swan (Tenn.) 177; Mayor v. Williams, 15 N. Y. 502; 2 Dillon, Mun. Corp. § 713; Green v. Eastern Ry. Co., 52 Minn. 79.

*F. M. Wilson*, for respondent.

The general welfare clause in the charter of 1864, subc. 4, § 2, confers no power to enlarge the powers which are conferred by the special grants of power. 1 Dillon, Mun. Corp. §§ 315, 316; Tiedeman, Mun. Corp. § 146; Horr & Bemis, Mun. Pol. Ord. § 27 et seq. The police power of a municipal corporation must depend upon the will of the legislature, and in order that a city may exercise a particular police power, it must be fairly included in the grant of powers by the charter. Tiedeman, Lim. Pol. Power, § 212. A municipal corporation, in the absence of express authority, has not the power by ordinance to compel a railroad company to maintain at a street crossing within the corporate limits a watchman, or flagman, for the purpose of giving warning to passers-by of the approach of trains. Ravenna v. Pennsylvania Co., 45 Oh. St. 118; Green v. Eastern Ry. Co., 52 Minn. 79. The power conferred by the general welfare clause is restricted by reference to other provisions of the charter. 1 Dillon, Mun. Corp. § 396; Mount Pleasant v. Breeze, 11 Iowa, 399; Cooley, Const. Lim. (6th Ed.) 231.

By the express provision of the charter of 1864, subc. 4, § 2, an act of the council is required to be done or manifested by ordinance, rule or by-law, and the same is provided by section 5, subc. 4, of the present charter of 1887. Tiedeman, Mun. Corp. § 145; Horr & Bemis, Mun. Pol. Ord. § 210; City v. Barnet, 46 N. J. L. 62;

Springfield v. Knott, 49 Mo. App. 612; State v. Bayonne, 35 N. J. L. 335; Anderson v. O'Conner, 98 Ind. 168; Newman v. Emporia, 32 Kan. 466; Hunt v. Lambertville, 45 N. J. L. 279; City v. Sears, 2 Colo. 588; Starr v. Burlington, 45 Iowa, 87; Burmeister v. Howard, 1 Wash. T. 207; State v. Mayor, 35 N. J. L. 205; State v. Town, 33 N. J. L. 72; 1 Dillon, Mun. Corp. § 307 and note; City v. Fougeu, 30 Mo. App. 551. Where the charter commits the decision of a matter to the council and is silent as to the mode, the decision may be evidenced by a resolution, and need not necessarily be by an ordinance. Atchison Board v. DeKay, 148 U. S. 591, 598. But the charter of appellant requires an ordinance. Charter power to fine will not permit a forfeiture. Tiedeman, Mun. Corp. § 155; Miles v. Chamberlain, 17 Wis. 446; Kirk v. Newill, 1 Term R. 118, 124; Coonley v. Albany, 132 N. Y. 145, 153; Angell & Ames, Corp. § 360; Cooley, Const. Lim. (6th Ed.) 248; State v. Ferguson, 33 N. H. 424; Robinson v. Mayor of Franklin, 34 Am. Dec. 640, and note. The power to punish is confined to the modes and penalties expressly prescribed by the charter and excludes others. Tiedeman, Mun. Corp. §§ 154–156; Dillon, Mun. Corp, §§ 336, 339–410; 4 Wait, A. & D. 613; Cooley, Const. Lim. (6th Ed.) 232.

COLLINS, J.

Counsel for the appellant city insists that the city council had the power to enact the ordinance under which this action was brought, because (1) such power was expressly conferred in the "general welfare" clause; (2) because of the implied power granted by the charter; (3) because of the police power of the city over the streets; and (4) because the ordinance had been expressly legalized by the legislature.

1. It is admitted that no express authority to adopt an ordinance compelling defendant railway company to station a flagman at street crossings is to be found in the charter in force at this time (Sp. Laws 1864, c. 6); but it is claimed that the power is conferred by a general clause (subc. 4, § 2), by which the city council was given

"Full power and authority to make, enact, ordain, establish, publish, enforce, alter, modify, correct and repeal all such ordinances, rules and by-laws for the government and good order of the city,

for the suppression of vice, as they shall deem expedient;    *    *    *
and such ordinances, rules and by-laws are hereby declared to be
and have the force of law, and for these purposes shall have authori-
ty by ordinance, resolution or by-laws; provided, that they be not re-
pugnant to the Constitution and laws of the United States or of
this state: (1) To license and regulate," etc.

Then follows a special enumeration by subdivisions of various
subjects upon which the council may legislate, 37 in all, the last
three having reference to the subject of fires.

This general clause is not a "general welfare" clause, as coun-
sel for the city seems to assume. It did not confer upon the city
power to enact ordinances, rules, and by-laws for the general wel-
fare of the city, but such only as were required for the "govern-
ment and good order" of the city or for the "suppression of vice"
within its limits. The expressions used are much more restricted,
for the words "general welfare" are synonymous with "corporate
purposes." Many things are essential to the public or general wel-
fare which belong neither to the government nor good order of, nor
to the suppression of vice in, a municipality. Horr & Bemis, Mun.
Pol. Ord. § 27. It is apparent from the wording of section 2, supra,
that "for these purposes"—that is, for the government and good
order of the city, and for the suppression of vice—it was enacted,
that the city council "shall have    *    *    *    authority" to adopt or-
dinances, rules, or by-laws upon the subjects there enumerated. The
legislative mind was fully directed to the different matters concern-
ing which municipal authority was intended to be given. The
exact scope and extent of municipal power and authority is to be
found in these specific enumerations, and the general grant is re-
stricted and limited by these enumerations. City of St. Paul v.
Traeger, 25 Minn. 248.

The general rule of construction applicable to municipal charters
is well stated in the case just cited, as follows: The existence of
powers of a legislative character must be shown by an express
grant, or as incidental and necessary to the proper enjoyment
and exercise of such as are expressly conferred. Nothing outside
or beyond this can be taken by intendment or implication. The
general clause involved in the case of Green v. Eastern Ry. Co., 52

Minn. 79, 53 N. W. 808, found in the charter of the City of Anoka (Sp. Laws 1889, c. 9, subc. 4, § 3), was much broader than the clause now under consideration. In fact, the power of the council to adopt the ordinances there referred to seems to have been conceded. No authority can be found in section 2, supra, for the passage of the ordinance on which plaintiff relies.

2. Nor can the authority be implied from the fact that the charter (subc. 1, § 1) granted to the city "the general powers possessed by municipal corporations at common law"; nor from the fact that the care, control, and management of the streets was vested in the city. Special power was conferred upon the council to prohibit immoderate riding or driving upon the streets. It may also be conceded that, by implication, the city had the right to regulate, by ordinance, the rate of speed at which trains should be propelled across streets and to prohibit a dangerous rate at street crossings; but it does not follow that it could require flagmen to be stationed at such places. The reasons for a distinction between an ordinance regulating the rate of speed at a street crossing and one which requires a flagman to be stationed there are stated in Ravenna v. Pennsylvania Co., 45 Oh. St. 118, 12 N. E. 445; and what is said in that case also disposes of the contention of counsel that the passage of the ordinance now before us was a lawful exercise of the police power of the city.

3. There is nothing in the claim that the ordinance has been legalized by Sp. Laws 1887, c. 3, subc. 15, § 1,—an amended charter. A law declaring that

"All ordinances and resolutions heretofore made, adopted or established by the city council of the city of Red Wing, shall remain in force, except as altered, modified or repealed by the city council of said city,"

Merely kept in force valid and binding ordinances. It did not validate an ordinance which was void because unauthorized.

Order affirmed.