VILLAGE OF FAIRMONT v. JOHN H. MEYER.[1]

June 14, 1901.

Nos. 12,573—(181).

Village Ordinance—Complaint.

.In a complaint charging the violation of a certain village ordinance, such ordinance was described by its title and date of passage. *Held* sufficient.

[1] Reported in 86 N. W. 457.

**Village Council—General Welfare Clause.**

> By G. S. 1894, § 1224, village councils are authorized "to ordain and establish all such ordinances and by-laws for the government and good order of the village, the suppression of vice and immorality, the prevention of crime, the protection of public and private property, the benefit of trade and commerce and the promotion of health, not inconsistent with the constitution and laws of the United States or of this state, as they shall deem expedient." *Held* that, under this general welfare clause, councils are authorized and empowered to enact ordinances to punish open and notorious drunkenness. This case distinguished from that of State v. Hammond, 40 Minn. 43.

Defendant was arrested, upon a warrant of a justice of the peace of the village of Fairmont, on the charge of open and notorious drunkenness, in violation of an ordinance of the village, and, being convicted, appealed upon questions of law alone to the district court for Martin county. In the district court the case was tried before Quinn, J., who made an order affirming the judgment of the justice of the peace and directing judgment against defendant and his surety on appeal. From a judgment entered pursuant to the order, defendant appealed to the supreme court. Affirmed.

*T. F. Knappen* and *Cross, Hicks, Carleton & Cross,* for appellant.

*De Forrest Ward,* for respondent.

COLLINS, J.

The plaintiff village in this action was incorporated and organized under G. S. 1894, c. 10, tit. 3, the same being sections 1196 to 1275, inclusive, and among its ordinances is one entitled

"An ordinance to prevent and punish disturbances of the peace, vagrancy, riots, drunkenness, interference with public officers, and other offenses,"

open and notorious drunkenness being expressly prohibited. Defendant Meyer was arrested upon a warrant issued on a complaint duly made, subscribed, and sworn to, charging him with a violation of this ordinance, in that he did at the time specified

"Become and was intoxicated, by then and there voluntarily drinking intoxicating liquors, and was then and there found in a state of open and notorious drunkenness and intoxication therein, contrary to an ordinance of said village of Fairmont entitled 'An or-

dinance to prevent and punish disturbances of the peace, vagrancy, riots, drunkenness, interference with public officers, and other offenses,' adopted on the 23d day of April, 1895, and the amendments thereto, and' against the form of the statute in such case made and provided."

He entered a plea of not guilty, but upon trial was convicted, and ordered to pay a fine of $10 and costs of prosecution, a total of $47.85, or, in default thereof, to be committed to the county jail for a term of ten days. He thereupon took an appeal, upon questions of law alone, to the district court, and entered into a recognizance, with one surety, in the sum of $100; the conditions being that he would prosecute his appeal with effect, abide the order of the court, pay all costs and damages which might be awarded against him, and also that, if the judgment was affirmed, he and his surety would pay the same. The district court affirmed the order of the court below, and thereupon a judgment was entered in the manner hereinafter stated by the clerk of said court. The present appeal is from that judgment.

1. The defendant's counsel has raised the question of the sufficiency of the facts as stated in the complaint to constitute a violation of the ordinance. There is absolutely nothing in this point. G. S. 1894, § 1252, provides that it shall be a sufficient pleading of an ordinance of any village of this class, with three thousand inhabitants, to refer to the chapter and section thereof, and, further, that, when passed, such ordinance shall have the force and effect of general laws, within the jurisdiction of the village. In the complaint the ordinance was described by its title and date of passage. Setting out the title, with date of approval, was ample and sufficient. It directed the attention of the defendant to the ordinance he was charged with violating, and nothing more was necessary. If the statute in question was mandatory, this would be true; but it is not, for it does not require that the allegation be in this form. At most, it is simply permissive. Further, under this statute, the ordinance had all the force of a general law, within the jurisdiction of the village, and it was not even necessary to read or to give it in evidence. In fact, the great weight of authority holds that it is sufficient to refer to an ordi-

nance by its date and purpose, or by its title and the number of the section violated, or by its substance, or, in a general way, with a degree of precision sufficiently direct to identify it. 15 Enc. Pl. & Pr. 426, authorities being cited in support of the text.

2. It is contended by defendant's counsel that the ordinance itself is void, for the reason that the village council had no authority to pass or adopt an ordinance punishing a person for open and notorious drunkenness. The statute (G. S. 1894, § 1224) authorized the council

"To ordain and establish all such ordinances and by-laws for the government and good order of the village, the suppression of vice and immorality, the prevention of crime, the protection of public and private property, the benefit of trade and commerce and the promotion of health, not inconsistent with the constitution and laws of the United States or of this state, as they shall deem expedient."

This is a general welfare clause, and it is the only one in the statute under which plaintiff was incorporated which authorizes the passage of ordinances of the character of that now before us. This general clause is certainly broad enough to authorize the council to punish open and notorious drunkenness, an offense conspicuously opposed to the proper government and good order of any municipality.

The case of State v. Hammond, 40 Minn. 43, 41 N. W. 243, relied upon by defendant's counsel, is not in point. The power granted to the municipal corporation, which passed the ordinance there in question, was to enact such ordinances for the government and good order of the city as should be deemed expedient, and that "for this purpose" the said city council should have authority to enact, among other ordinances, one

"To prevent open or notorious drunkenness and obscenity in the streets or public places of said city."

The precise and definite specifications of what the council might do to accomplish the general purpose mentioned was set forth in the statute, there being twenty-four heads or subdivisions thereof, each referring to some special subject of legislation. It

was held that the power of the council was limited to what was particularly specified. In other words, that the general grant or grounds of power was limited by precise and definite specifications, and that the ordinance in question exceeded that power, because it went further than was specifically authorized. See also City of Red Wing v. Chicago, M. & St. P. Ry. Co., 72 Minn. 240, 75 N. W. 223. Such is not the present case. The general welfare clause was not limited by any precise definite specifications as to what acts the village council was authorized to prohibit by ordinance, and it. was therefore empowered to enact any which, in purpose and effect, might come within the terms of the general welfare clause.

3. The judgment entered by the clerk was a money judgment against Meyer and his surety for the amount of the fine imposed below, with costs and disbursements there and on appeal. Evidently it was entered by the clerk under the provisions of section 5116. It is unnecessary for us to determine whether or not it was correct; for, if. it was unauthorized and improper, it was first incumbent upon the judgment debtors to move to set it aside in the court below. Its validity could not be questioned on appeal, until application has been made in the district court to have it corrected. Levine v. Lancashire Ins. Co., 66 Minn. 138, 68 N. W. 855.

Judgment affirmed.