CITY OF JORDAN v. HENRY NICOLIN.[1]

November 15, 1901.

Nos. 12,782—(73).

**Intoxicating Liquor—Municipal Ordinance.**

In a prosecution for keeping a licensed saloon open after eleven
o'clock at night, contrary to an ordinance, it is necessary to show that
the person charged with such offense had a license for the sale of in-
toxicating liquors at such place.

**Conviction not Sustained by Evidence.**

The evidence in this case does not sustain the judgment convicting the
defendant, for there was no competent proof that he was a licensed
saloon keeper.

Appeal by defendant from a judgment of the district court for
Scott county, Cadwell, J., affirming a judgment of a justice of the
peace before whom defendant was convicted of the offense of keep-
ing open his saloon in violation of an ordinance of plaintiff city.
Reversed.

*F. C. Irwin*, for appellant.

*F. J. Leonard*, for respondent.

START, C. J.

The defendant was convicted in justice court of a second viola-
tion of the same ordinance which we held to be valid in the case of
City of Jordan v. Nicolin, supra, page 367.   He appealed from the
judgment of the justice to the district court of the county of
Scott, and from the judgment of the district court affirming the
conviction he appealed to this court.

There is one question raised by the record in this case which was
not presented by the record in the other case.   The question arises
upon the claim of the defendant that the prosecution failed to
prove by any competent evidence that the defendant was a person
licensed to deal in intoxicating liquors, and had a license for his
saloon, which he was charged with having kept open contrary to

[1] Reported in 87 N. W. 915.

the ordinance. It was necessary to prove this fact, for the ordinance is directed against parties licensed to sell intoxicating liquors, and not against persons keeping open unlicensed saloons. The gist of the alleged offense in this case is the keeping of a licensed saloon open contrary to the ordinance. In this respect it is an exception to the rule that requires the defendant to prove his license, as a part of his defense, when he is charged with doing an act without having such license.

On the trial the prosecution attempted to show that the defendant held a license for the place he was charged with unlawfully keeping open. Proper record evidence was offered and received showing that the defendant made application for a license, gave the bond, that the bond was approved, and that the city council granted his application upon the payment by him into the city treasury of the sum of $500. But as to whether he ever paid the license fee, or whether the license was ever in fact issued, no evidence was given, except the oral evidence of the city clerk, which was this:

"Q. Has a license been granted to the defendant to sell liquor under that ordinance within the past year? (Objected to as incompetent, irrelevant, and immaterial, and no foundation laid, and not the best evidence. Objection overruled. Exception taken.) A. Yes. Q. And at the place described in the application? (Defendant makes same objection. Objection overruled. Exception taken.) A. Yes."

The objection to these questions should have been sustained, for the evidence sought to be elicited thereby was presumptively not the best evidence. It follows that there was no competent evidence that the defendant was a licensed saloon keeper, and that the judgment is erroneous because it is not justified by the evidence.

Judgment reversed and the case remanded, with direction to the district court to enter judgment reversing that of the justice.