STATE v. H. A. GILL.[1]

June 12, 1903.

Nos. 13,412—(22).

**Sale of Intoxicating Liquor.**

    The defendant was convicted in the municipal court of Minneapolis of the offense of selling one quart of malt liquor without a license, contrary to the city ordinance. Upon his appeal from an order denying his motion for a new trial, it is *held*:

    1. It was not necessary to allege in the complaint that the malt liquor was intoxicating, or to plead the ordinance, or to conclude the complaint "contrary to the statute."

    2. The city council of Minneapolis have the power to prohibit and punish the sale of malt liquor without a license.

    3. The court did not err in excluding evidence tending to show that the defendant believed the liquor sold by him was not intoxicating.

    4. The conviction is sustained by the evidence.

Appeal by defendant from an order of the municipal court of Minneapolis, Holt, J., denying a motion for a new trial. Affirmed.

[1] Reported in 95 N. W. 449.

*Erwin & Mead,* for appellant.

*Frank Healy* and *A. C. Finney,* for the State.

START, C. J.

The defendant was convicted in the municipal court of the city of Minneapolis of the offense of selling malt liquors without a license, and appealed from an order denying his motion for a new trial.

1. The defendant's first contention is that the complaint fails to charge a public offense. The ordinance under which the defendant was convicted prohibited the selling or dealing in spirituous, vinous, fermented, or malt liquors within the limits of the city of Minneapolis by any person without having first obtained a license therefor in the manner provided by the ordinance. The complaint upon which the defendant was convicted charges the sale to a party (naming him) of one quart of malt liquor without having first obtained a license so to do from the city council of the city of Minneapolis, contrary to the provisions of an ordinance passed by its council, and against the peace and dignity of the state of Minnesota. The first specific objection made to this complaint is that it does not allege that the liquor sold was intoxicating. The ordinance defines the offense, and sets forth all its essential elements —that is, the sale of malt liquors without a license—and the complaint charges the offense in the words of the ordinance. It is therefore sufficient. City of Mankato v. Arnold, 36 Minn. 62, 30 N. W. 305. But the defendant claims that there are some malt liquors which are not intoxicating; hence the complaint should have alleged the sale of an intoxicating malt liquor. This is just what the complaint did do without any tautology, for the term "malt liquors" is used in the charter of the city, in the ordinance in question, and in the complaint in accordance with the common and approved usage of the term, and not in any technical sense. G. S. 1894, § 255. The common and approved usage of the term "malt liquor" is "an alcoholic liquor, as beer, ale or porter, pre-pared by fermenting an infusion of malt." Webster's International Dictionary.

It is further claimed that the complaint does not charge a public

offense, because by the charter of the city council has no power by ordinance or otherwise to prohibit the sale of malt liquor whether licensed or not. The charter provides that:

"The city council shall have full power and authority to make ordain, publish * * * all such ordinances * * * for the suppression of vice and intemperance, as it shall deem expedient, * * * and for these purposes the said city council shall have authority, by such ordinances:
First—To license and regulate * * * all persons vending, dealing in or disposing of, spirituous, vinous, fermented or malt liquors. * * *
Second—To restrain * * * Any person from vending or dealing in spirituous, fermented or vinous liquors, unless duly licensed by the city council." Sp. Laws 1881, p. 434, § 5 (c. 76, subc. 4).

It is insisted that because the second subdivision quoted gives the council the express power to restrain any person from selling or dealing in spirituous, fermented, or vinous liquors unless duly licensed, without specifically naming malt liquors, the council has no power to forbid the sale of such liquors without a license. The power to license and regulate all persons vending or dealing in malt liquors, as given by the first subdivision, necessarily carries with it the power to prohibit the sale thereof by any person unless licensed so to do; otherwise the power to so license as a means of regulating the traffic would be abortive. It cannot be presumed that the legislature intended to take away this power by omitting the term "malt liquors" in the very next subdivision. On the contrary, it must be presumed that the term "fermented liquor" was used in the second subdivision as including malt liquors, for malt liquor, according to the common understanding, and as the term is used in the charter and ordinance, is a fermented liquor. We hold that the council had, by virtue of the charter, power to enact the ordinance.

Again, it is claimed that the complaint is defective in not concluding "contrary to the statute in such case made and provided." The only purpose of such concluding clause in an indictment or criminal complaint is to show that the prosecution is based upon a statute, and not upon a common-law offense; and since the repeal of all common-law offenses in this state (G. S. 1894, § 6286) it is

functionless, except in cases where the same acts are declared to be an offense and punishable both by statute and by a municipal ordinance. In such cases the indictment or the complaint ought to conclude contrary to the statute or the ordinance, as the case may, be, so that the defendant may be advised under which the prosecution is brought, as all criminal cases are properly prosecuted in the name of the state. 10 Enc. Pl. & Pr. 444; State v. Stroud, 99 Iowa, 16, 68 N. W. 450. The case of City of Jordan v. Nicolin, 84 Minn. 367, 87 N. W. 916, relied upon by the defendant, does not hold that a complaint for the violation of an ordinance must conclude contrary to both the statute and the ordinance, nor does it approve of a complaint so concluding. It was claimed in that case that the complaint charged two offenses because the acts alleged were punishable both by statute and ordinance, and concluded contrary to both, and it was simply held that the claim was without merit, because the complaint on its face showed that the defendant was charged with the violation of the ordinance only.

Lastly, it is urged that the complaint is insufficient, because the ordinance is not pleaded. It was not necessary to do so, for Sp. Laws 1881, p. 440, § 10 (c. 76, subc. 4), provides that:

"In all actions, prosecutions and proceedings of every kind, before the municipal court of the city of Minneapolis, such court shall take judicial notice of all ordinances of the said city, and it shall not be necessary to plead or prove such ordinances, in said municipal court."

The provision was not repealed by G. S. 1894, § 5252. The complaint charges a public offense, and the several objections thereto made by the defendant are without merit.

2. The trial court excluded evidence offered by the defendant tending to show that he in good faith believed that the liquor sold by him was not intoxicating, and this ruling is assigned as error. It was not, for intent is not an essential element of the offense charged. If the defendant honestly believed that the liquor which he sold was of a kind which might lawfully be sold without a license, it was a matter to be urged to the court after conviction, in mitigation of the sentence. It was not a defense.

and evidence tending to establish it was not admissible on the trial.

3. The last alleged error to be considered is to the effect that the court erred in not dismissing the case, because the state failed to show that the liquor sold was intoxicating. This was a question of fact (see State v. Story, 87 Minn. 5, 91 N. W. 26), and the evidence supports the finding of the trial court in this respect.

Order affirmed.