## CITY OF ALEXANDRIA v. GEORGE VIERING.[1]

May 3, 1929.

No. 27,206.

*Frank J. Zinna,* for appellant.
*Rudolph L. Swore,* City Attorney, for respondent.

PER CURIAM.

Defendant appealed from a judgment.

The criminal complaint filed with a justice of the peace accused defendant of maintaining a nuisance in relation to intoxicating liquor "contrary to section 2 of Ordinance No. 35 of the City of Alexandria, Douglas County, Minnesota, and against the form of the statute in such case made and provided." Defendant was convicted, and he appealed to the district court on questions of law only and the conviction was affirmed.

The contention is that the complaint is not sufficient to warrant a conviction because (1) it is indefinite and does not inform the defendant as to the law claimed to have been violated, and (2) that it does not state a public offense.

1. The ordinance provides that it is violated if there is a violation of any statute or law of the state or of the United States. The claim is that defendant cannot tell whether he has violated the ordinance, the state law or the federal law. Confusion is injected also by the justice of the peace labeling the complaint as though the state of Minnesota were plaintiff. The warrant was likewise indorsed. Such indorsement was a mere irregularity that did not affect the jurisdiction of the court nor prejudice the

[1]Reported in 225 N. W. 286.

defendant. State v. Graffmuller, 26 Minn. 6, 46 N. W. 445; City of Faribault v. Wilson, 34 Minn. 254, 25 N. W. 449.

The complaint clearly charges a violation of the ordinance. The additional language, "against the form of the statute in such case made and provided," is mere surplusage and means that the act charged was unlawful. 7 Wd. & Phr. 6647; 2 Wd. & Phr. 1548; State v. Gill, 89 Minn. 502, 95 N. W. 449; City of Jordan v. Nicolin, 84 Minn. 367, 87 N. W. 915. Defendant was not misled thereby.

2. The claim that the complaint does not state a public offense cannot be sustained. It is sufficient to state the facts and identify the ordinance by number. Village of Minneota v. Martin, 124 Minn. 498, 145 N. W. 383, 51 L.R.A.(N.S.) 40, Ann. Cas. 1915B, 812; Village of Fairmont v. Meyer, 83 Minn. 456, 86 N. W. 457.

Affirmed.