NORTH *v.* GLOBE FENCE CO.

1. MECHANICS' LIENS — MATERIALS SUBJECT OF LIEN — USE IN
   BUILDING.
     A mechanics' lien cannot be enforced against a building for
     materials not used in its construction.

2. SAME—TIME .TO FILE.
     The date of furnishing materials to the contractor in good
     faith for a building, but not in fact used in the building by
     him, nor delivered on the land, but sold to a third person, can-
     not be regarded as the date of the last furnishing from which
     the time to file a mechanics' lien begins to run.

Appeal from Lenawee; Chester, J. Submitted April
19, 1906. (Docket No. 98.) Decided July 3, 1906.

Bill by George M. North and Victor H. Bradshaw
against the Globe Fence Company, the Collingwood
Brick Company, and others, to enforce a mechanic's lien.
Defendant Collingwood Brick Company filed an answer,
in the nature of a cross-bill, to enforce a materialman's
lien. From a decree establishing the lien claimed in the
cross-bill, defendant Globe Fence Company appeals.
Reversed, and cross-bill dismissed.

*Fellows & Chandler,* for defendant Globe Fence Co.

*Martin S. Dodd,* for defendant Collingwood Brick Co.

HOOKER, J. Briefly stated, the facts in this case are
that Tobin & Co., having contracted with the Globe
Fence Company to furnish necessary materials and erect
a factory for it near Hudson, Mich., made a contract with
the Collingwood Brick Company, of Toledo, Ohio, to
furnish them with brick for the job, estimated to require
about 275,000. The brick company furnished 275,000
brick, shipping them to Tobin & Co. at Hudson, the last

car load being shipped July 1st. Afterward Tobin & Co. wrote to the brick company asking the shipment of another car load to finish the factory, and it was shipped to Tobin & Co. August 6th. The car was left on the track in front of the depot at Hudson for a few days, and then it was pushed onto a siding, where the brick were unloaded by one Keefus, for whom Tobin & Co. ordered them. They were not delivered at the factory, nor was any portion of them used in the construction of the factory. The Globe Fence Company knew nothing of their shipment, nor was it advised of any purchase of brick from Tobin & Co. by Keefus. Both it and Keefus were ignorant of the fact that Tobin & Co. had not paid for all brick bought by them, and neither had any design to defraud any person in connection with the transaction. Tobin & Co. did not pay for the brick, being in arrears some $1,750. The Collingwood Company filed a lien on October 5th, and the question in this case is whether they shall lose their right to look to the building for their pay, or the Globe Fence Company shall pay for the brick a second time. The learned circuit judge held the lien valid as to all brick which was used in the building, but not for the last shipment. The fence company has appealed.

There was no error in excluding compensation for the brick shipped August 6th, inasmuch as they were not used in the building. That point is ruled by the case of *Smalley* v. *Gearing*, 121 Mich. 190.

It is contended, however, and the circuit court appears to have held, that the time within which a lien may be filed does not expire until 60 days after the last furnishing by the materialman to the contractor of the material which the former has the right to understand and believe is ordered for the building. We held in *Smalley* v. *Gearing*, supra, that the furnishing of stone to a contractor, at his yard, was not the time that the statutory 60 days began to run, but that it should run from the time that the contractor furnished it upon the premises, and the lien in that case was saved upon that ground. In that case the

owner was not held for stone not actually used in the building, and the case begets a query whether it must not follow that the statutory limit should be 60 days after the material is actually used in the building by the contractor, regardless of the period that has elapsed after delivery by the lienor.   But we need not decide that question.   The important point is that it is not the delivery to the contractor which gives the right to file a lien, but the delivery to the owner, and hence in this case as it appears that the shipment of August 6th never was delivered to the Globe Fence Company, there being no right of lien as to those brick, it is difficult to see how it can be said that the statutory period can depend upon the shipment of that car. It is contended that this car load of brick was delivered to the Globe Fence Company inasmuch as it was shipped to Hudson and left upon the same siding that the other cars were left upon.   It is denied that the car was thus left, but even if it can be called the same side track, the record shows that the car was not taken to the premises of the fence company but was unloaded at another point many rods from there, and taken to another building by Mr. Keefus to whom they were sold by Tobin & Co.

It is further contended that the fact that the brick were sold to Mr. Keefus, who was in the employ of the fence company, was notice to that company that these brick were furnished for the factory.   If it could be said that notice to the agent was notice to the principal, which we do not say, the evidence fails to show any bad faith on the part of Keefus, or even that he knew of the representation made by Tobin & Co. to the brick company.   Having reached the conclusion that the last car load of brick was not delivered to the landowner, nor upon the premises, we must hold that the notice of lien was filed too late.

The decree is reversed, and the bill dismissed, with costs of both courts.

CARPENTER, C. J., and MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.