## PITTSBURG PLATE GLASS CO. v. LEARY et al.

A materialman has no lien for glass broken before any attempt to use it in the building, and the owner of the building cannot be held for the loss.

A mechanic's lien filed by a subcontractor does not secure interest from the completion of the building, but only from the filing of the lien, where in the lien, as filed, there is nothing to show when the subcontractor was entitled to his money.

A mechanic's lien filed by a subcontractor does not secure interest from the completion of the building, but only from the filing of the lien, where the lien, as filed, makes no claim whatever for interest.

Under Civ. Code, § 1171, providing that an offer of payment or other performance duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof, a proper tender by the owner destroys the lien of a subcontractor and leaves him with no remedy whatever, except by virtue of his personal claim against the contractor.

Civ. Code, § 1164, provides that when a debtor is entitled to the performance of a condition precedent to, or concurrent with, performance on his part, he may make his offer depend upon due performance of such condition. Section 1165 provides that a debtor may require from his creditor a receipt for any property delivered in performance of his obligation. Held, that a tender by the owner to a subcontractor, conditioned that the subcontractor give a satis-

faction in full, was bad, where the amount due was disputed and the subcontractor claimed a greater sum than then tendered.

(Opinion filed, March 30, 1910.)

Appeal from Circuit Court, Brookings County. Hon. GEORGE H. MARQUIS, Judge.

Action by the Pittsburg Plate Glass Company against J. D. Leary and another, as 'copartners, and the New Century Company. From the judgment and the denial of a new trial, both plaintiff and the New Century Company appeal. Judgment modified, and, as modified, affirmed.

*Cheever & Cheever,* for appellant Pittsburg Plate Glass Co.

Where a statute provides that a person furnishing materials for building by virtue of contract with contractor or subcontractor shall have a lien for the same, the party furnishing the material is entitled to lien although such materials were not actually used in the construction of the building. Lee v. Hoyt, Ia. 70 N. W. 95; Eslinger v. Huebner, 22 Wis. 632; Hickey v. Collom, Minn. 50 N. W. 919; Marriner v. Paxton, Nebr. 24 N. W. 209; Nelson et al. v. Iowa Eastern Railroad Company, Ia. 3 N. W. 781; Weir v. Barnes, Nebr. 57 N. W. 224; Totten v. Hoag Iron & Steel Foundry Co. v. Munsey Nail Co., 47 N. E. 704; Scott v. Goldinhorst, 24 N. E. 334; Mechanics Mill & Lumber Co. v. Denny Hotel Co., Wash. 32 Pac. 68; City of Salem v. Lane & Bodlet Co., 60 N. E. 39; Wallace v. Melchoir, Pa. 2 Brown, 104; Pres. Church v. Allison, 10 Penn. 413; Morrison v. Hancock, 40 Mo. 561; Morris County Bank v. Rockway Mfg. Co., 14 N. J. Equity 189; Franklin Bank v. City of Cincinnati, 10 Ohio S. and C. P. Dec. 545. A tender which is made subject to condition that it is to be in full payment of his claim or all that was due, or to balance account, or for the claim, or as settlement of the matter, or of rent to a specified day, are all bad tenders. Vol. 28 A. & E. Enc. of Law, 2d Ed. p. 32; Noyes v. Wyckoff, N. Y. 21 N. E. 158; Chapin v. Chapin, Mass. 36 N. E. 747; Frost v. Yonkers Savings Bank, 70 N. Y. 558; Elderkin v. Fellows, Wis. 19 N. W. 101; Moore v. Norman, 45 N. W. 859 and 53 N. W. 809; Latham et al. v. Hartford, 27 Kan. 249; Second Greenleaf on Evidence, Sec. 605.

*Hall, Lawrence & Roddle,* for appellant, New Century Co.

Use of the material furnished and the work and labor expended by the contractor, whereby the building becomes a part of the freehold, gives the material man and laborer his lien under the statute. Van Ston v. Stilwell & Bierce Mfg. Co., 142 U. S. 128; Laird v. Noonan, 20 N. W. 355; Mervigan v. English, 5 L. R. A. 840; Mfg. Co. v. Falls, 90 Tenn. 466; Roll, etc., Co. v. Mill Co., 155 Federal, 321; Compound Lumber Co., 48 N. E. 472; Hunter v. Blanchard, 18 Ill. 218; Bruner v. Picking, 75 Ill. App. 293; Cox v. Colles, 17 Ill. App., 503; Baker v. Fessenden, 71 Me., 292; Lombard v. Pike, 33 Me. 141; Coddington v. Hudson County Dry Dock, etc., Co., 31 N. J. Eq. 477; Campbell v. John W. Taylor Mfg. Co., 62 N. J. Eq. 207. A material man is entitled to a lien only for materials actually used in the construction of a building, and not for those purchased but not so used. Murphy v. Fleetford, 70 S. W. 989. A subcontractor is not entitled to lien for damages and expenses incurred through idleness or on account of work made necessary by default or negligence of principal contractor, 27 Cyc. 52; Tabor v. Armstrong, 12 Pac. 157; Siebrecht v. Hogan, 99 Wis. 437. A tender to be good, must be unaccompanied by any condition to which the creditor has a right to object, but it is not invalidated by being coupled with a condition upon which the debtor has a right to insist and to which the creditor cannot reasonably object. 28 Am. & E. Ency., 31; Bevans v. Rees, 5 M. & W. 309; Saunders v. Frost, 5 Pick. 259; Johnson v. Cranage, 45 Mich. 14; Lamb v. Jeffery, 41 Mich. 719; Brink v. Freoff, 40 Mich. 614; Wheelock v. Tanner, 39 N. Y. 481; Brooklyn Bank v. De Grauw, 23 Wend. 34; Flake v. Nuse, 51 Tex. 98.

WHITING, P. J. This is an action brought by the plaintiff, as subcontractor, against the contractors, joined as defendants with the owner of a building erected by such contractors, for the erection of which building the plaintiff claimed to have furnished certain glass. The plaintiff demanded, in its complaint, personal judgment against the contractors as well as foreclosure of plaintiff's mechanic's lien against the building and land upon which the same rested. The contractors were not personally served with summons in the state and did not answer. Upon the trial, as

between the plaintiff and owner of the property, which trial was before the court without a jury, the court made certain findings of fact and conclusions of law, and rendered judgment in accordance with same. Both parties having moved for a new trial, the same was denied, and both parties are appealing to this court from the judgment and order denying a new trial.

The findings of fact are quite voluminous, and exceptions are taken to some of them. In the view which we take of this case, it is unnecessary to refer to any facts except such as appear undisputed, and which are as follows: The contractors entered into a contract, whereby they were to erect a business block for their codefendant, which said block was to be finished on or before December 1, 1901. The contractors also entered into a contract with the plaintiff company, under which the plaintiff agreed to furnish the glass for said building. During October and November, 1901, the plaintiff shipped to the contractors three shipments of glass; the first and largest including three large plate glass. Two plates of this glass were broken into fragments before they reached the building, and they never entered into the construction of same. The second shipment was a small one, and the third shipment was of two plates of glass to take the place of the two plates that were broken. It is undisputed that all of the glass so shipped, except the two plates broken, entered into the construction of the building. No dispute as to the value of said glass was raised, and it appears that the glass which went into the building was of the value of $1,090.57, and the two broken plates of the value of $588.94. The above glass not being paid for, the subcontractor, within the time fixed by statute, filed in the proper office a mechanic's lien with the necessary statements thereto attached, under which instrument the plaintiff claimed a lien for the value of all the glass furnished to the contractors. Such lien was filed under the provisions of sections 696 and 697 of the Revised Code of Civil Procedure. Said mechanic's lien was dated March 1, 1902, and in said lien the plaintiff claimed a balance due of $1,679.51 without interest, claiming the above amount to be due on said March 1, 1902, which said amount, it will be noted, is the sum of the value of the glass used and that

broken. Thereafter, and on June 22, 1902, the defendant tendered to the plaintiff $1,112.31 in payment and satisfaction of such mechanic's lien, but tendered the same on condition that said lien be satisfied and discharged in full. This tender was refused on the terms under which made, and the defendant afterwards, and before this action was brought, deposited the money in a bank with the notice that same could be obtained upon delivery to said bank of a discharge of such lien and of all claims against such defendant. Plaintiff attempted to check this money out of the bank, but did not tender a release of the lien, and the bank refused to pay the money; the plaintiff offering only to receive the money and apply same on the claim and partially discharge lien. The court further found that the money due plaintiff from contractors bore interest from the 1st of December, 1901, and that the same, with such interest, was secured by the lien filed.

As conclusions of law the court held there was due from the contractors to the plaintiff said sum of $1,090.57, with interest thereon from December 1, 1901, and that the plaintiff was entitled to collect the said sum and interest by foreclosure of the lien and sale of the property. It will be seen that the court held against the plaintiff upon its claim of a right to a lien for the value of the glass broken, and it is from this holding that the plaintiff appeals. It will be seen that the court granted plaintiff a lien for the value of the glass, other than the broken glass, together with interest thereon from December 1, 1901; the effect of this holding of the court being to render the tender made by defendant insufficient, because the amount due, with interest from December 1st, would be greater than the amount tendered, while the amount due, with interest from March 1st, would be less than the amount tendered. The court held that such tender did not stop the running of interest nor destroy the lien. It is from this part of the decree that the defendant appeals.

Did the court hold correctly, wherein it held that no lien could be claimed for material furnished for, but which did not enter into, the construction of the building? Upon this question the courts differ, and numerous authorities are to be found upon either side. Two classes of merchanic's lien laws are in force in

this country. One belongs to what is known as the "New York system," under which the lien of a subcontractor depends upon, and is limited by, the amount remaining due the contractor at the time of, or which may become due after, the service upon the owner by subcontractor of notice that he has already furnished, or is about to furnish, labor and material for the structure to be erected. Such a statute is to be found in sections 699, 700, and 701 of the Revised Code of Civil Procedure of this state. The other class belongs to what is known as the "Pennsylvania system," under which the right of the subcontractor to a lien does not depend at all upon the existence of any indebtedness due from the owner to the contractor. Such a statute is found in our sections 696 and 697 of the Revised Code of Civil Procedure, and it is under these sections that the plaintiff filed his lien. Under the sections last above referred to, the subcontractor becomes entitled to a lien, not by virtue of any contract between himself and the owner of the land, creating any personal liability on the part of the owner, not by virtue of any implied agency on the part of the contractor, under which such contractor is held to have the right and authority to render the owner personally liable to pay for the labor or material furnished to the contractor, but, instead of resting upon such personal liability of the owner, it rests upon the theory that, the subcontractor having furnished, under a contract with contractor so to do, certain labor or material which has entered into the erection or construction of the improvement to the owner's real estate, by virtue of which the owner has been benefited, the property should be holden for the payment of the value of the material or labor with which it has been benefited, and should be so holden for a reasonable length of time after such labor or material has been furnished. While there are numerous cases holding that the owner's property should be liable for all labor or material furnished to the contractor for the erection or construction of the improvements, whether or not such labor or material actually goes into such improvements, which rule relieves the subcontractor of any duty or responsibility in following his material and seeing to it that it is actually used as agreed, yet we are satisfied that the better rule—one founded upon better reason

and which conforms to the theory upon which the Pennsylvania system is founded—is that it is incumbent upon the subcontractor to see that the labor or material furnished actually goes into the construction of the improvement. We do not wish to be understood as holding that a materialman could not have a lien for material furnished and which might be destroyed in attempting to use the same in the construction of the building (on which point we do not pass); but we do hold that, in a case such as this, wherein it is shown that this glass was broken before there was any attempt to use it in the erection of this building, the owner of the building cannot be held for the loss, but such loss must fall upon the person responsible for such breakage. Van Stone v. Stillwell, etc., 142 U. S. 128, 12 Sup. Ct. 181, 35 L. Ed. 961; Canton Roll, etc., v. Rolling Mill Co., etc. (C. C.) 155 Fed. 321; Fuller & Co. v. Ryan, 44 Wash. 385, 87 Pac. 485; North v. Globe Fence Co., 144 Mich. 557, 108 N. W. 285; Stimpson Mill Co. v. Los Angeles, etc., 141 Cal. 30, 74 Pac. 357.

Did the court err in holding that the mechanic's lien secured interest from December 1, 1901? It certainly did. Without the lien filed the subcontractor would have no claim whatever against this defendant or against its property, and its rights are limited strictly to what is shown by the instrument filed, and while as against the contractors the subcontractor unquestionably could recover interest from the date such improvement was finished, yet under such lien such interest could not be recovered, first, because in the lien, as filed, there was nothing to show when the subcontractor was entitled to his money, and, further, the lien, as filed, made no claim whatever for interest and therefore interest did not run until such lien was filed.

It will be readily seen that, computing the interest at 7 per cent. from March 1, 1902, to June 22, 1902, the amount secured by such lien did not exceed the sum of money tendered. The question then arises whether or not such tender destroyed the lien and released the property therefrom. The plaintiff contends that it was incumbent upon the defendant not merely to tender the sum that might be secured by the lien, but that the defendant should have complied with the provisions of section 1166 of the

Revised Civil Code, which reads as follows: "An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited, in the name of the creditor with some bank of deposit within this state, of good repute, and notice thereof is given to the creditor." Under the facts of this case it is clear that the defendant did not fully comply with this section. It will be noted, however, that this section provides the method of extinguishing an obligation to pay money, and it certainly is unnecessary for the defendant to extinguish the obligation resting upon the contractor to pay the subcontractor before defendant could remove the cloud of the lien. Section 1171 of the Revised Civil Code provides: "An offer of payment or other performance duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof." Under this section the defendant clearly had a right to tender the amount secured by the lien, and, if such tender was sufficient in amount and proper in its form and its conditions, it would have the effect of stopping the running of interest. Furthermore, we are fully satisfied that a proper tender would also destroy the lien held by the plaintiff and would leave plaintiff with no remedy whatever, except by virtue of his personal claim against the contractors. Moynahan v. Moore, 9 Mich. 9, 77 Am. Dec. 468 (see notes p. 489); Loughborough v. McNevin, 74 Cal. 14 Pac. 369, 15 Pac. 773, 5 Am. St. Rep. 435; Moore v. Norman, 43 Minn. 428, 45 N. W. 859, 9 L. R. A. 55, 19 Am. St. Rep. 247; Norton v. Baxter, 41 Minn. 146, 42 N. W. 865, 4 L. R. A. 305, 16 Am. St. Rep. 679; Haile v. Smith, 113 Cal. 656, 45 Pac. 872; Kortright v. Cady, 21 N. Y. 343, 78 Am. Dec. 145; Hyams et al. v. Banberger et al., 10 Utah, 3, 36 Pac. 202. In the Loughborough Case, supra, the court said: "It is expressly provided by section 1504 of the Civil Code that an offer of payment, duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof. One of these incidents is the discharge or extinction of the lien." In the Utah case, supra, the court, in holding that the tender

destroys the lien, says: "This appears to be the settled law, and the rule seems to be founded in justice and fair dealing, for it would be difficult to conceive of any good reason why the creditor should be allowed to refuse payment of the money when tendered in good faith after maturity, and yet retain the pledge, or a lien upon it, for the debt. The mere caprice of the creditor might result most disastrously to the debtor through his inability to free his property from the debt. Nor would the slow process of a bill in equity afford an adequate remedy, for, on a bill to redeem, interest and costs would accumulate unless the debtor kept good the tender, in which event he would be deprived both of the use of his money and property until the end of the suit. On the other hand, the creditor who refuses payment when lawfully tendered reaps simply the reward of his own folly. His lien is gone, but the debt remains, for which he has his right of action against the debtor."

Was the tender sufficient in form and free of all conditions, other than such as defendant had a right to attach thereto? Section 1164 of our Revised Civil Code provides: "When a debtor is entitled to the performance of a condition precedent to, or concurrent with, performance on his part, he may make his offer to depend upon the due performance of such condition." Section 1165 of said Code provides: "A debtor has a right to require from his creditor a written receipt for any property delivered in performance of his obligation." Defendants contend that under section 1164, they had the right to attach, as condition of the tender, the requirement that plaintiff give to them a satis-faction in full of the lien. Defendants' contention would clearly be correct if there had been no dispute as to the amount secured by the lien and such amount had not exceeded the sum tendered. In the case of Wolff & Co. v. Can. Pac. Ry. Co., 123 Cal. 535, 56 Pac. 453, the court said: "To hold that a deposit in bank, under section 1500, is necessary in all cases of a tender, would make section 1500 wholly inconsistent with sections 1504 and 1498, and would efface those sections. Section 1504 provides that an offer of payment, etc., though the title does not pass, stops the running of interest on the obligation, and has the same effect

upon all its incidents as a performance.  Section 1498 provides: 'When a debtor is entitled to the performance of a condition precedent to, or concurrent with, performance on his part, he may make his offer to depend upon the due performance of such condition.'  To require him in such case to extinguish his obligation without performance by the other would defeat this section.  The tender in this case was effective, as a compliance with the condition imposed by the order of January 25, 1889.  The court below found that both tenders were made in due season; this court held on the first appeal that the tender to the attorney was properly made.  The sufficiency of the first tender rendered any tender of interest unnecessary."  Section 1500 of the California Code is identical with our section 1166, and, as before noted, section 1504 is identical with our section 1171; section 1498 of the California Code being identical with section 1164 of our Code, quoted above.

But the plaintiff insists that the conditions attached to the tender render the tender of no effect, and in this contention we think the plaintiff is clearly right.  Under the common law every tender made, in order to defeat the running of interest or to effect the incidents to the main obligation, had to be unconditional.  This has been changed so that the party tendering payment has a right to insist upon a written receipt of the amount paid or (if under the law he is entitled to any other instrument of discharge, such as a discharge of lien) he is entitled to receive a written discharge to the extent of the amount paid; and in this case, if the sum tendered had been tendered without any conditions whatever, the lien would have been destroyed (if it had been tendered with the condition only that plaintiff deliver a satisfaction of said lien in the sum of the amount tendered, such lien would have been destroyed).  But under the Civil Code the party has no right, any more than he would have had under the common law, when tendering a payment, to require a receipt in full or a satisfaction in full of the lien, or, in other words, when one party is honestly claiming a greater amount to be due than the other party concedes, he cannot be put in position of running the risk of losing his lien, not only upon the disputed claim, but also upon the undisputed part, by failing to receive the smaller amount in full; but

he has the right to test the validity of his further claim, and the condition attached to the tender must be such as to leave him free to contest such right. Moore v. Norman, supra; Tompkins v. Batie, 11 Neb. 147, 7 N. W. 747, 38 Am. Rep. 361; West v. Farmers' Mutual Insurance Co., 117 Iowa, 147, 90 N. W. 523; Noyes v. Wyckoff, 114 N. Y. 204, 21 N. E. 158; Moore v. Norman, 52 Minn. 83, 53 N. W. 808, 18 L. R. A. 359, 38 Am. St. Rep. 526.

The court, in the last case above cited, said: "The most common and familiar illustrations of the proposition above stated are cases where the tender is made as being all that is due, or as payment in full. It is everywhere held that such a tender is not good. The debtor has no right to the benefit of a tender, as having the effect of a payment, when it is burdened with such a condition that the creditor cannot accept the money without compromising his legal right to recover the further sum which he claims to be due. This case falls within the same principle. By offering to pay the money only upon the condition that the plaintiff deliver up the notes (if such was the fact) the defendant insisted upon a condition the acceptance of which would at least seriously compromise the right of the plaintiff to recover any more, even though it should be true that the amount unpaid exceeded the sum tendered. The acceptance of the money and the surrender of the notes would be at least strong evidence against her, in the nature of an admission, that the notes were thereby fully paid. The defendant should not be heard to assert that a mere offer to pay a specified sum, less than was supposed by the other party to be due, has the effect of a payment, so as to discharge the mortgage, when the offer was burdened with such a condition. It was enough for his protection that the plaintiff would have received the money offered and have indorsed its payment on the notes, which were already overdue and still in the hands of the plaintiff. If the defendant rejected this offer, and insisted upon the surrender of the notes, the natural and only reasonable construction to be put upon his conduct was that he insisted that the tender, if accepted, should be accepted as payment of the notes in full. If that was the effect of the tender,

it was bad, under all the authorities. A mere tender should not be effectual to discharge the lien of a mortgage unless it be cer-tainly sufficient in amount, and unburdened with any conditions which the debtor has not a clear right to impose."

In the New York case the court said: "Numerous questions have been argued upon the briefs submitted, but it is necessary to refer to but two of them, as upon these the order of the general term must be affirmed. The tender made by the plaintiff was clearly bad in form. A tender of money in payment of a debt, to be available as a defense, or as the foundation of an action in favor of the party making the tender, must be without qualification. There is no principle by which a party is to be absolutely barred from litigating his claim for a larger sum than that paid, merely because he accepts part. The actual acceptance of the amount tendered would only extinguish a claim in case it was the whole amount due. If less than the amount due is tendered and accepted, it would only extinguish the debt pro tanto, and the creditor would be entitled to interest on the balance, and hold whatever security he had as indemnity for the payment of such balance. It follows that if the tender is relied on as a defense, or as the foundation of an action, the party pleading it must show it to have been absolute and free from all conditions, and such are the authorities. In Wood v. Hitchcock, 20 Wend. 47, the tender was 'in full settlement and discharge of all demands which plaintiff held against him.' It was held bad, and within the rule that the party making the tender shall not make a protest against his liability. To request the creditor to sign a satisfaction piece vitiates the tender. Roosevelt v. Bank, 45 Barb. 579. To demand a receipt vitiates the tender. 2 Phil. Ev. 134. To demand a receipt in full is bad. Wood v. Hitchcock, supra. See, also, Frost v. Bank, 70 N. Y. 558 [26 Am. Rep. 627]. Here the plaintiff testified as to the tender as follows: 'I tendered and offered the money to him unconditionally, and in payment and extinguishment of his lien upon the iron ore mined on the farm and at Ironia station, mentioned in his chatted mortgage,' etc."

In the Iowa case the court said: "A tender at common law, to be valid, had to be unconditional. No requirement could be at-

tached that a receipt in full for all demands be given.   2 Pars. Cont. 155.   It is thought by defendant that this rule is altered by section 3063 [Code 1897], which provides that the person making a tender may demand a receipt.   Clearly this means a receipt for the money or property offered, and nothing more.   Section 2106, Code 1873, contained the same provision as to the right of the person making tender to a receipt, and under it this court held that a receipt in full, which is a release from all demands on the same account, could not be required.   Kuhns, v. Railway Co., 65 Iowa, 528, 22 N. W. 661."

It is therefore clear that the learned trial court was correct in its rulings upon the questions raised, with the single exception that it should have computed the interest upon the sum secured by the lien from March 1, 1902, instead of December 1, 1901, and its decree should be modified to that extent.

As so modified, the judgment of the lower court and its order denying a new trial are affirmed, without costs in this court.