## ERICKSON v. THELIN.

In an action to have a deed adjudged a mortgage against the wife and minor heirs of the grantee, the minor heirs were not served personally with process as required by Code Civ. Proc. § 110, subd 3. Judgment was rendered declaring the deed to be a mortgage, and commanding the wife, who was a defendant in her own right as well as guardian, to make a deed upon receiving payment of the mortgage. **Held** that, inasmuch as the court had no jurisdiction of the minors, an adjudication as to the title of lands in their name was void and should be reversed.

In an action to have a certain deed declared a mortgage, it is grounds for reversal of a judgment commanding defendant to make a deed to plaintiff, if it appears no tender has been made of the mortgage indebtedness.

It is not a tender to deposit the amount of indebtedness with bankers, particularly where it does not appear that the deposit was made in the name of the person entitled to the tender, or that notice of the deposit was given.

In an action to have a deed declared a mortgage and to redeem, the persons holding the land were minor children and their mother, who was their guardian. The minors were not made parties, so that their rights could not be adjudicated. A tender was made to the widow of the amount of the mortgage indebtedness, upon condition that she make a deed transferring her title to the land, both individually and as guardian. **Held**, that this tender was insufficient to support a judgment against the widow individually, as it imposed a condition which could not be fulfilled.

(Opinion filed November 21, 1910.)

Appeal from Circuit Court, Potter County. Hon. LYMAN T. BOUCHER, Judge.

Action by Perry Erickson against Hannah Thelin individually and as guardian of Guy Albin Thelin, etc. From a judgment for plaintiff, defendant appeals. Reversed.

*Boyce & Warren,* for appellant. *S. M. Howard,* for respondent.

The guardian as such does not so represent the estate of the wards that they need not be named as defendants, or served with process in an action, the purpose of which is to deprive them of the whole or a part of their estate. Kinney v. Harrett, 8 N. W. Rep. 708; Lombard v. Morse, 14 L. R. A. 273, s. c. 29 N. E. 205; Campbell v. Fichter, 81 N. E. 661; Perine v. Grand Lodge, etc., 50 N. W. 1022. The administrator had no power to accept the

money or to convey the premises or cause them to be conveyed in compliance with the requirement of the bank, or at all, and the county court, being without equity jurisdiction, had no power to authorize him to accept the funds or to authorize the administrator or the guardian to make the deed demanded. Anderson v. Fisk, 4 Cal. 308.

*S. M. Howard,* for respondent.

The objection that there is a defect of parties should have been taken by demurrer, or motion under § 4885, Comp. Laws. And a failure to demur or move the court to bring in additional party or parties is a waiver or defect of parties, if such existed. Sykes v. First Nat. Bank, 2 S. D. 242; Singleton v. O'Blenis, 125 Ind. 151; Durre v. Brown, 7 Ind. App. 127; Ellsworth v. Rossiter, 46 Kan. 237; Kaukana Water Power Co. v. Green Bay, etc., Canal Co., 75 Wis. 385; Grand Rapids Water Power Co. v. Bensley, 75 Wis. 399.

CORSON, J. This is an appeal by the defendant from a judgment entered in favor of the plaintiff. This action was instituted by the plaintiff to have a certain deed executed by him to one H. G. Olson conveying a certain quarter section of land in the county of Potter, and the deed of the same from said Olson to Ben K. Thelin, deceased—it being alleged that the said Thelin received said deed with the knowledge that the former deed was intended as a mortgage—adjudged to constitute a mortgage, and require the defendant, Hannah Thelin, as the widow of said Ben Thelin, in her own right and as guardian of five minor heirs of the said Ben K. Thelin, to accept the amount due upon said alleged mortgage, and that upon the payment of said sum said deeds should be canceled of record. The complaint sets out the deeds, contracts between said plaintiff and said Olson, the death of said Thelin, the proceedings had in the county court resulting in the distribution of the estate between the said defendant, Hannah Thelin, and the minor heirs, and alleges a tender of the amount, and the plaintiff's willingness to pay the same, due upon the alleged mortgage, and demanding judgment that he be declared to be the owner of the quarter section of land described in the

deeds and in controversy in this action, and that his title be quieted thereto. An answer was filed, which, after admitting certain facts alleged in the complaint, "for a further and separate defense the defendant alleges: (a) That her husband, Ben K. Thelin, died intestate on or about the 15th day of April, 1905, leaving as his sole heirs at law this defendant, who was his widow, and Guy Albin Thelin, * * * Arthur Leonard Thelin, * * * Carl Milo Thelin, * * * Alice Charlotte Thelin, * * * and Mabelle May Thelin, * * * and that at the time of his death the said Ben K. Thelin was the owner in fee simple of the premises described in the plaintiff's complaint. * * * (b) That letters of administration upon the estate of the said Ben K. Thelin, deceased, were duly issued to one Lars Anderson on the 12th day of May, A. D. 1905, and the said Lars Anderson duly qualified as such administrator"—and proceeded to set out the proceedings in the county court resulting in the distribution of the estate among the said heirs as follows: One-third to the widow and two fifteenths to each of the minor heirs. To this answer a reply was filed denying certain allegations therein, not necessary to be noticed in this opinion. At the March term, 1909, of the circuit court of Potter county, the case was moved for trial by the plaintiff, who had filed notice of the trial, and, the defendant not appearing, the court heard the proofs on the part of the plaintiff and found the facts and thereupon made conclusions of law and entered judgment in favor of the plaintiff, in which it was ordered, adjudged, and decreed: "That the plaintiff, Perry Erickson, is the owner in fee simple of * * * (describing the premises as in the complaint); that the plaintiff, Perry Erickson, as such owner, * * * is entitled to the exclusive possession thereof and to all portions thereof; that the said estate of the said Ben K. Thelin, deceased, * * * has a mortgage lien on the said premises for the sum of $1,129.50"; and that upon payment of said sum, the estate of said Thelin should execute a quitclaim deed to the plaintiff, of said premises. "And it is further ordered and decreed that all claim of the defendants, or either one thereof, to the ownership of the fee title to said quarter

section of land, are without merit and groundless, and that the title of the plaintiff to said premises is hereby adjudged to be quieted in the plaintiff as against all claims, demands, or pretensions of the defendants, or either one thereof to the fee title thereof; and that the defendants and each one thereof are hereby perpetually estopped from setting up any claims to the fee title of said premises."

The summons in this action, as disclosed by the abstract, is in the usual form, and the certificate of service by the sheriff is in substance as follows: "State of South Dakota, County of Minnehaha—ss.: I hereby certify that the within summons and complaint came to my hands on the ——— day of November, A. D. 1907, and that I served the same, on the within named defendant both in person and· as guardian, by delivering to, and leaving with her personally, at Sioux Falls in said county of Minnehaha, state of South Dakota, true and attested copies of the within summons and complaint, on the 23d day of November, A. D. 1907. And that I know her to be the person intended to be served." No demurrer was interposed to the complaint, and no motion appears to have been made by the defendants, requiring the minor heirs to be made parties to the action. The only proceeding on the part of the defendant, so far as is disclosed by the record, was the filing of the answer heretofore referred to.

It is contended by the appellant that as the minor heirs were not made parties to the action and served with summons, in the manner prescribed by the Code, the court was without jurisdiction to enter judgment in this action in favor of the plaintiff as against the defendant and the said minor heirs.

It is insisted by the respondent that by the return of the sheriff it is conclusively shown that the defendant, Hannah Thelin, was duly served with both the summons and complaint, both in person and as guardian of her minor children; that the defendant appeared and filed an answer to the complaint and made no objection whatever to any defect of parties or of the service of process, and hence the defendants waived their rights by their appearance and answer, and it is too late to urge this matter for

the first time in this court; that the objection that there was a defect of parties should have been taken by demurrer or motion, and a failure to demur or move the court to bring in additional parties is a waiver as to the defect of parties if such existed.

It will be observed, by the title of the action, the minor heirs are not directly made parties defendants in this action, and that the only service made upon them was made by delivering to and leaving with the defendant, Hannah Thelin, their guardian, a copy of the summons and complaint. ·

It is alleged in the complaint and admitted in the answer that Hannah Thelin, the defendant named, was duly appointed guardian of the said minor heirs, and "that said Ben K. Thelin died intestate, on or about the 15th day of April, 1905, leaving as his only heirs his widow, Hannah Thelin,· and the following named sons and daughters, to-wit: (1) Guy Albin Thelin, son, aged 12 years; (2) Arthur Leonard Thelin, son, aged 10 years; (3) Carl Milo Thelin, son, aged 6 years; (4) Alice Charlotte Thelin, daughter, aged 4 years; and (5) Mabelle May Thelin, daughter, aged 2 years."

Section 110, subd. 3, of the Code of Civil Procedure, provides, as to the service of summons, as follows: "The summons shall be served by delivering a copy thereof,·as follows:  *   *   * If against a minor under the age of fourteen years, to such minor, personally, and also to his father, mother, or guardian, or if there be none within the state, then to any person having the care and control of such minor, or with whom he shall reside, or in whose service he shall be employed."

In discussing the subject of infants, it is stated in 22 Cyc. 629: "Whenever a suit is brought for the purpose of divesting the title of infants to property or otherwise affecting their interests, they are necessary parties, and a judgment or decree cannot affect an infant unless he was made a party either plaintiff or defendant to the suit in which it was rendered."

In 10 Ency. of Pleading & Practice, 593, the law applicable to infants is thus stated: "In all cases in equity where it is sought to affect the interests of infants, and more especially their interest

in real·estate, by·.an attempt to charge it,· or to make. partition, or to sell it, whether ·the application be by a .stranger or by adult co-tenants or others claiming the right·.to ·do so,· the infant must be made a party .defendant.   *   *   *."   And on page 600 it is stated; "In nearly every state the statute requires process ·to be served upon the infant personally,, and, although .this may seem a useless formality, where the. infant is very young, it is a necessary, one, and a failure to serve the infant will render the judgment against him, if not void, at least voidable.   Service upon the general guardian without service upon the minor is insufficient. *   *   *."   And on page 603 it is stated; "In order to insure notice of the proceedings to persons interested in the welfare of the minor, some statutes require process to be served in all cases both upon the minor and upon his parent, guardian, or other person having the care or control of the infant. And in the majority of the states process is required to be served both upon the minor and upon his parent, guardian, or other person having the care of him, in cases where the infant is under 14 years of age. These provisions, designed for the protection of minors, must be strictly complied with, or the proceedings will be void as against the infant for want of jurisdiction."

The law as stated in the foregoing quotations seems to be supported by the great weight of authority cited in the notes to the same. As will be observed from the provisions of our Code heretofore quoted, infants must be made parties and served with process in order that their interests may be properly adjudicated.

The assignments of error are as follows: The court erred in making and filing its second finding of fact; the court erred in making and filing its third finding of fact; the court erred in making and filing its fifth finding of fact; the court erred in making and filing its sixth finding of fact; the court erred in making and filing its first conclusion of law; the court erred in making and filing its second conclusion of law; the court erred in making and filing its third conclusion of law; the court erred in rendering judgment in favor of the plaintiff and against the defendant; the judgment is not supported by the findings of

fact and is against law.; and the court had no jurisdiction to render the judgment rendered in this action.

No bill of exceptions having been settled in the case, and no motion for a new trial made, the only errors assigned are such as can be determined by an examination of the judgment roll.

The second, third, fifth, and sixth findings of fact, which are claimed. to be erroneous, are as follows: "(2) That said complaint states a good cause of action in favor of the plaintiff and against the defendants, and that the complaint is true.   (3) That the summons in this action was duly issued, * * * was duly and personally served on the defendant, Hannah Thelin, both in person and as guardian of Guy Albin Thelin, et al., minors. * * *  (5) That the defendant, Hannah Thelin, both in person and as guardian of said minors, made and filed her answer to the complaint of the plaintiff herein, * * * which said answer was subscribed also by Boyce & Warren, attorneys for defendants. (6) That it fully appears therefrom that this court has acquired jurisdiction both of the persons of the defendants and of the subjective matter of the action."

While the complaint may be sufficient as stating a good cause of action as to the defendant, Hannah Thelin, it is clear that it states no cause of action as against the minor heirs for the reason that they are not made parties to the action and were not served with summons as prescribed by our Code.   The complaint as to those heirs, therefore, does not state a cause of action as against them.

The third finding of the court, that the summons in this action was duly served upon the defendant, Hannah Thelin, as guardian, etc., is not sustained by the record, as it affirmatively appears from the summons and the return thereon, and the complaint, that said minor heirs were not made parties and served with the summons, and hence the service of summons and complaint upon the defendant, Hannah Thelin, so far as it affected said minor heirs, was unauthorized and did not constitute a service upon said minor heirs.

The fifth finding of fact, to the effect that Hannah Thelin, both in person and as guardian of said minors, made and filed her

answer for them, and that the same was subscribed by Boyce & Warren, attorneys for them, is not sustained by the record.

The answer, it appears from the abstract, has the same title as the complaint, and it commences as follows: "The above-named defendant, answering the complaint of the plaintiff herein, admits," etc. And concludes: "Wherefore this defendant demands judgment that the complaint of the plaintiff be dismissed and for her costs and disbursements herein." Subscribed by "Boyce & Warren, Attorneys for Defendant." It clearly appears therefore, from the answer, that Hannah Thelin answered for herself, and that Boyce & Warren appeared only as attorneys for her.

In view of the fact that the foregoing findings referred to are not sustained by the evidence, it follows necessarily that the sixth finding, that the court had jurisdiction of the persons of the defendants, so far as the same relates to the minor heirs, is clearly unsustained by the record.

These findings of the court not being sustained by the record, it also necessarily follows that the first conclusion of law, viz., "that the plaintiff, Perry Erickson, is the owner in fee simple of the premises described in the complaint," cannot be sustained as against the minor heirs, under the record in this case, and the second conclusion of law, "that the plaintiff is entitled to a judgment, * * * and to a decree of this court, quieting his title in and to the premises described in the complaint," was erroneous as against the minor heirs, and, for the reasons stated, the third conclusion of law is not sustained by the record, so far as it requires the execution and delivery to the plaintiff of a quitclaim deed on behalf of the said estate of the said Ben K. Thelin, conveying the fee title of the premises to the plaintiff herein.

As the action in this case affected the title of the minor heirs to ten-fifteenths of the property in controversy, and as the plaintiff was not entitled to a cancellation of the deeds, or to a reconveyance of the property, until payment of the balance due from him to the said defendant, Hannah Thelin, and the minor heirs, these heirs were necessary parties to the action, and no judgment could be properly rendered in the action until the amount due upon the

mortgage from the plaintiff to Thelin is determined as to the minor heirs as well as to the defendant, Hannah Thelin, the judgment was unauthorized, and must be reversed, not only as to the minor heirs, but also as to the defendant, Hannah Thelin.

The judgment of the circuit court is reversed.

WHITING, P. J. While I concur in the result reached by Justice CORSON in the foregoing opinion, I would base such concurrence upon a quite different course of reasoning. It does not seem necessary to consider at length the question of manner of service upon minors, for the reason that neither in the pleadings, findings, conclusions, or decree are the minors named as parties to this action, and especally for the reason that the minors in no sense are parties to this appeal, and, not being parties to the appeal, they are not in a position to question the sufficiency of the service of the papers, even if it were contended that same had been served upon them.

Two questions arise in relation to this matter: First, is the decree good as against the guardian? Second, is it good against Hannah Thelin in her private capacity? It attempts to require her to receive money as guardian in satisfaction of an indebtedness, when, under the facts as they appear, in order to find the existence of such indebtedness, it becomes necessary to adjudicate the title to real estate standing in the name of her minor wards. Inasmuch as the court would have no authority, except in an action where the minors were parties, to make any adjudication concerning the title of lands standing in their names, nothing further is necessary to show that the judgment, so far as it attempts to adjudicate the rights and duties of the guardian, should be reversed.

It might, however, be contended that, upon such reversal as to the guardian, the decree should remain valid as against Hannah Thelin and the same modified and require her to receive one-third of the money and convey a one-third interest in the land; the same being her widow's interest in the estate. A sufficient answer to this—and this answer would also be another ground for re-

versal of the judgment so far as it relates to her as guardian—is that the findings of fact are insufficient to warrant a decree. Under the findings, it appears that no tender of the money claimed to be due under the alleged mortgage was ever made, and until such tender the plaintiff would not be entitled to the relief sought. Without having made any tender, money was deposited in the bank and notice given to the administrator. Even if there had been a proper tender to such administrator, if tender could be made to him, and even if there had been a proper tender to Hannah Thelin both in her private capacity and as guardian, yet it does not appear that this money was deposited in the name of the administrator or of Hannah Thelin, either in her private capacity or as guardian. Furthermore, it appears that, even if we could treat what was done as a tender, there was annexed to such tender a condition that could not be required, to-wit, a conveyance of the land by Hannah Thelin in person and as guardian of the minors at a time when it appears that the estate was in course of administration. Much that was said by this court in the case of Pittsburg Plate Glass Co. v. Leary et al., 25 S. D. 256, 126 N. W. 271, is applicable to the attempted tender and performance in this case.

HANEY, J. The judgment should be reversed because the minor heirs mentioned in the record are necessary parties.

SMITH and McCOY, JJ., concur in the views stated by the Presiding Judge.