Stanley SCHMIDT, Plaintiff
and Appellee,

v.

IOWA BEEF PROCESSORS, INC., A
Corporation, Defendant, Third-Party
Plaintiff and Appellant,

v.

Larry RYKEN, d/b/a Yankton Live-
stock Market and Daniel J. Lam-
mers, Third-Party Defendants.

No. 14335.

Supreme Court of South Dakota.

Considered on Briefs Feb. 16, 1984.

Decided May 2, 1984.

Robert W. Hirsch of Goetz, Hirsch &
Klimisch, Yankton, for plaintiff and appel-
lee.

Gary P. Thimsen of Woods, Fuller,
Shultz & Smith, P.C., Sioux Falls, for de-
fendant, third-party plaintiff and appellant.

ANDERSON, Circuit Judge.

Forty-six head of livestock were pur-
chased by the defendant and appellant,
Iowa Beef Processors, Inc., (IBP) on Au-
gust 26, 1981. The purchase price was
sent to third-party defendant Ryken.
Shortly hereafter, and after plaintiff-appel-
lee (Schmidt) had demanded the funds, IBP
deducted the purchase price of the August
26, 1981, transaction from separate funds
which IBP owed the third-party defend-
ants. Schmidt quickly brought suit against
IBP for the proceeds of the sale plus pre-
judgment interest. On January 5, 1982,
IBP moved the trial court to allow it to be
removed from the lawsuit and the third-
party defendants substituted in its place on
the condition that IBP deposit the purchase
price of the livestock with the court pursu-
ant to SDCL 15–6–67(b). Both Schmidt and
the third-party defendants resisted IBP's
request and the motion was denied.

Eventually the trial court determined
that the proceeds of the sale should be

awarded to Schmidt with prejudgment interest from August 26, 1981. IBP now appeals that portion of the judgment awarding prejudgment interest after January 5, 1982.

The main thrust of IBP's argument is that its offer of January 5, 1982, to deposit the proceeds of the sale with the court in exchange for being released from the lawsuit acted to stop the accumulation of prejudgment interest according to SDCL 20–5–18 which reads as follows:

> An offer of payment or other performance, duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof.

IBP further argues that because Schmidt and the third-party defendants opposed its request for deposit and substitution it is absolved of the obligation to pay prejudgment interest according to SDCL 20–6–3.

We are not persuaded by IBP's arguments. Before a tender of payment tolls the accumulation of interest, the tender must be unconditional. *Bauer v. Uniroyal Tire Co.*, 630 F.2d 1287 (8th Cir. 1980). IBP's offer to deposit, though made according to statute, carried with it the condition that IBP be released from any liability arising from the lawsuit. IBP's tender was not for the full amount claimed, but only for the purchase price of the livestock. No interest to the date of IBP's offer was tendered.

SDCL 21–1–11 provides:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him

upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.

If IBP's proposal of deposit and substitution had been allowed, Schmidt's claim for prejudgment interest would have been foreclosed. A tender as payment in full of less than the amount claimed is not sufficient to toll the accumulation of interest. *Pittsburg Plate Glass Co. v. Leary*, 25 S.D. 256, 126 N.W. 271 (1910).

IBP's contention that because its performance was thwarted by Schmidt and the third-party defendants, prejudgment interest should not be assessed is equally unconvincing. If IBP had truly been concerned with tolling the accumulation of prejudgment interest it could have simply petitioned the court to be allowed to deposit the purchase price with the court pursuant to SDCL 15–6–67(a). Such a deposit would have been unconditional and would have warranted the tolling of the accumulation of prejudgment interest because the claimant would have been protected from the possibility that the stakeholder would become insolvent and further, the stakeholder would not have been unjustly enriched by using the funds while the lawsuit was pending. *Bauer, supra.*

The judgment of the trial court is affirmed.

WOLLMAN, DUNN, MORGAN and HENDERSON, JJ., concur.

ANDERSON, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.