KENNEL, Respondent, v. ATLAS ELEVATOR COMPANY, Appellant.

(147 N. W. 272.)

1. **Pleading—Complaint—Conversion—Plaintiff's    Ownership— D e - mand.**

    A complaint alleging plaintiff delivered flax to defendant at its elevator and received a receipt therefor, which receipt recited that the flax was held for a thresher's bill, that plaintiff thereafter presented the receipt and a notice showing that the bill had been paid, and demanded the flax or its value, that defendant coverted the flax to its own use, and that plaintiff is owner of the flax, sufficiently states ownership in plaintiff at time of demand, at which time the conversion took place, and states a demand; and is sufficient to state a cause of action in trover.

2. **Pleading—Replevin—Possession By Defendant—Sufficiency.**

    A complaint that fails to allege that at time of commencement of action defendant was in actual or constructive possession of the property in dispute, is not sufficient as a complaint in replevin, since replevin is a purely possessory action.

3. **Trover and Conversion—Tort Action—Damages.**

    Trover or conversion is a tort action for damages; the damages being the value of the property converted, with interest, or, under some circumstances, the highest market value without interest.

                    (Opinion filed May 18, 1914.)

Appeal from Municipal Court of Watertown.   Hon. IRVIN H. MYERS, Judge.

Action by J. E. Kennel against the Atlas Elevator Company, for conversion of flax.   From an order overruling a demurrer to the complaint, the defendant appeals.   Affirmed.

*Eidem & McCoy*, for Appellant.

In an action for conversion, the complaint must allege ownership or possession of the property in plaintiff, at the time of the conversion.   Jones v. Winsor, 22 S. D. 480, and cases cited; 38 Cyc. 2068, and cases cited.

A complaint for conversion alleging plaintiff's ownership in the present tense, and not as of the time of the conversion, is insufficient.   Smith v. Force 16 N. W. 704.

That a complaint shows that at the time of alleged conversion defendant held the property under a contract of bailment with plaintiff, does not obviate the necessity of alleging owner-

ship of the property by plaintiff at the time of the conversion. Shellhouse v. Field, 97 N. E. 940; Jones v. Winsor, supra.

*Sherin & Sherin,* for Respondent.

The complaint is a straight complaint in replevin, to recover the possession of certain flax or its value, in case the property cannot be recovered. Towne v. Liedle, 10 S. D. 460; 74 N. W. 233; Humpfner v. Osborne & Co., 2 S. D. 310; 50 N. W. 88.

The complaint shows that plaintiff made proper demand of the defendant. Wells on Replevin, 363.

It is for the defendant to state as a matter of defense, on what grounds it refuses to deliver the flax.

McCOY, J. The complaint, in substance, alleges that defendant is a corporation; that plaintiff delivered to defendant at its elevator two hundred sixty-one bushels of flax of the value of $1.17 per bushel; that defendant did not issue storage or cash checks for said flax, but delivered the following receipt: "261 bushels of flax, net, delivered by S. Neitert for C. A. Kennel, and held for thresh bill of $242.00;" that plaintiff thereafter presented to defendant said receipt and notice showing that said alleged thresh bill had been paid, and demanded that defendant pay for said flax or deliver the same or a like amount to plaintiff, which defendant refused to do; that defendant has converted said flax to its own use; that the C. A. Kennel mentioned in said receipt is the same person as J. E. Kennel, this plaintiff, who is the owner of said grain; wherefore plaintiff demands judgment against defendant for the delivery to him of two hundred sixty-one bushels of flax, net, of the same grade deposited with it, or for the sum of $305.37, the value, thereof, together with interest and costs. To this complaint defendant interposed a demurrer on the grounds: (1) that it does not state facts sufficient to constitute a cause of action; (2) that it appears that several causes of action have been improperly united therein. From an order overruling the demurrer defendant appeals.

[1] We are of the view that the complaint state a cause of action in conversion, and that it sufficiently states that plaintiff was the owner of said flax at the time of the alleged conversion. The complaint states that C. A. Kennel, who is the plaintiff, by his agent, delivered the flax to defendant, and that thereafter de-

mand was made, and that plaintiff is the owner; this sufficiently alleges that plaintiff was the owner at the time of the demand at which time the conversion took place, if at all. If the thresh bill has not been paid or released it is a matter of defense, and not a necessary part of plaintiff's cause of action. There was sufficient allegation of demand. That the complaint alleged more than one cause of action is not urged by appellant on appeal.

[2] The complaint is not sufficient as a complaint in replevin for the reason that there is no allegation that defendant was at the time of the commencement of the action in the actual or constructive possession of the property. Replevin is purely a possessory action.

[3] Trover or conversion is a tort action for damages, the damage being the value or the property converted, with interest, or under some circumstances the highest market value without interest.

The order appealed from is affirmed.