GRAY, Respondent, v. SANDERSON, County Sheriff, et al, Appellants.

(238 N. W. 137.)

(File No. 7068. Opinion filed October 5, 1931.)

C. E. Noel, of Highmore, for Appellants.
M. Harry O'Brien, of Highmore, for Respondent.

ROBERTS, J.   This is an appeal by the defendants from an order overruling their demurrer to the complaint.   The grounds of demurrer are that the complaint does not state facts sufficient to constitute a cause of action, and that several causes of action have been improperly united.

· The plaintiff, in the first paragraph of her complaint, alleges that the defendant Salmer Sanderson is the duly elected and acting sheriff of Hyde county, S. D.; that the defendant Fidelity & Deposit Company of Maryland executed the bond of said Salmer Sanderson as sheriff, on or about the 1st day of January, 1929, to cover a period of two years from and after that date, which official bond was in full force and effect during all the times mentioned in the complaint.   In the second paragraph of the complaint it is alleged that on or about the 22d day of July, 1929, in Hyde county, the defendant Sanderson, acting under authority and by virtue of his office as sheriff, did wrongfully take and convert to his own use certain personal property belonging to the plaintiff, namely, one baby grand Chickering piano of the value of $600 and one piano bench of the value of $15.   In the two following paragraphs of the complaint it is alleged that demand was made by the plaintiff upon the defendant Sanderson for the return of the property, but that said defendant refused, and still refuses, to return the property or to pay the plaintiff therefor; that by the terms and conditions of the official bond executed by the defendant Fidelity & Deposit Company of Maryland, the said company undertook and agreed that it would pay, or cause to be paid, any damages

not exceeding the sum of $5,000 that any one may suffer because of the wrongful act of defendant Sanderson as sheriff, and did thus become surety to the plaintiff for the payment to her by the sheriff of the damages so suffered by her because of the said wrongful acts of defendant Sanderson as such sheriff; that the defendant Fidelity & Deposit Company of Maryland is a corporation engaged in the business of fidelity insurance. These allegations are set forth as plaintiff's first cause of action.

For a second cause of action, after realleging paragraphs 1, 3, and 4 of the first cause of action, it is further alleged that on or about the 5th day of August, 1929, in Hyde county, the defendant Sanderson, acting as sheriff of Hyde county and under authority of and by virtue of his office, did wrongfully take and convert to his own use and benefit certain personal property belonging to the plaintiff and of the value of $1,000, namely: one cane settee and other furniture specifically described in the complaint.

For a third cause of action, after realleging as before, the plaintiff alleges that on or about the 22d day of July, 1929, in Hyde county, the defendant Sanderson, acting as sheriff of said county and by virtue of the power of his office, did wrongfully and without authority of law take possession of certain real property belonging to the plaintiff, namely, lots 14, 15, 16, and 17 in block 11 of Van Camp's first addition to Highmore and the dwelling house and other buildings thereon, and has since and still holds such possession thereof against this plaintiff, to her damage in the sum of $1,000; that the value of the use of said premises is $50 per month.

██ ██ It is claimed by the defendants that the plaintiff has not stated sufficient facts in her first and second alleged causes of action to constitute conversion, for the reason that the complaint does not allege that the plaintiff had title and the right to the immediate possession, or was in actual possession, of the property alleged to have been converted. In an action for conversion, the complaint must allege ownership or possession in the plaintiff of the property at the time it is alleged to have been converted. Irving v. Hubbard et al., 12 S. D. 67, 80 N. W. 156; Jones et al. v. Winsor, 22 S. D. 480, 118 N. W. 716; Kennel v. Atlas Elevator Co., 34 S. D. 101, 147 N. W. 272. The distinct averment is made that the defendant sheriff did wrongfully take and convert to his

own use the personal property described in the complaint "belonging to" the plaintiff. This is equivalent to an allegation that the plaintiff was the owner of the property converted. The primary meaning of the word "belong," as given by lexicographers, is "to be the property of." Such is also the common and ordinary meaning of the term, and the words "belonging to" in the complaint are sufficient to allege ownership of the property in the plaintiff.

It is further contended that it was incumbent upon the plaintiff to allege that the defendant surety company, a corporation organized and existing under the laws of another state, was authorized at the time the bond was executed to do business in this state. Such allegation is not necessary. If the bond was void for the reason that it was issued contrary to law, it was a matter of defense. It is an elementary rule of pleading that, if a complaint states a prima facie case, it is sufficient, and it is not necessary that the pleader should anticipate every objection or answer which may exist and with which he may be confronted.

The objections are also urged that the complaint does not allege any of the acts that were necessary under the statute for defendant Sanderson to qualify for sheriff, and that the conditions precedent to the bond, upon which the action was instituted, becoming a valid obligation are not alleged. The complaint alleges that the defendant Sanderson "now is, and during all the times herein mentioned was the duly elected and acting sheriff of said Hyde County, South Dakota." If Sanderson was sheriff, as he is alleged to have been, and if he assumed to act in his official capacity, as is also alleged, it would be implied that he performed every act necessary for a proper qualification of the office as contemplated by law. Likewise we cannot agree with counsel's contention that the complaint is defective for failure to allege approval and filing of the bond. The complaint alleges in express terms the execution of the bond which comprehends every act essential to a complete making and delivery of the bond. The provisions of statute for the approval and filing of a bond by a county sheriff are for the benefit and security of the public. Mechem, Pub. Off. par. 313. See, also, Davison County v. Western National Bank of Mitchell 58 S. D. 141, 235 N. W. 370. If the bond was not approved and filed, the omission would have no connection with the liability of the defendants on the bond, and it was not necessary, therefore,

to allege the approval and filing of the bond in stating a cause of action against obligors.

■ The third cause of action on the sheriff's official bond is for the recovery of damages for the alleged unlawful seizure and continued possession by defendant Sanderson of plaintiff's dwelling house. The defendants contend that an allegation of ownership is not sufficient, but to state a cause of action it must be alleged and proved that the plaintiff had possession at the time of entry or was entitled to possession. The complaint sufficiently alleges ownership of the property in the plaintiff, and further alleges "that defendant Sanderson has since and still holds such possession and thereof against the plaintiff," or, in other words, possession has been retained adverse or hostile to the right or possession in the plaintiff. We regard this as sufficient allegation that plaintiff is entitled to possession.

■ ■ We come now to the second ground of demurrer, misjoinder of causes of action. The provisions of section 2371, Rev. Code 1919, applicable herein, are to the effect that a plaintiff may "unite in the same complaint several causes of action * * * where they all arise out of: * * * 3. Injuries, with or without force, to person or property, or either." This section inclues six other classes of actions, and expressly provides that "the causes of action, so united, must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated." The three causes of action herein affect all the parties to the action, are stated separately, and do not require different places of trial. The term "injuries to property" in this statute comprehends such injuries as one sustains in his rights of property, whether directly affecting or depriving one of the possession and enjoyment of things the subject of property or not. In this class is included every form of action for injury as distinguished from a wrong by breach of contract excepting libel, slander, and malicious prosecution, and the dispossession of real or personal property where the plaintiff seeks to recover possession.. Bliss on Code Pleading, par. 129.

"Causes of action for injuries to property form a distinct class, and the generality of this language permits the union of claims arising from injuries of all kinds, whether with or without force,

whether direct or consequential, and whether to real or personal property." Pomeroy's Code Remedies (4th Ed.) § 389, p. 517.

In each of the causes of action the plaintiff claims damages, and does not demand the recovery of property. The first two causes of action are for damages for conversion of personal property, and the third cause of action stated is in the nature of a trespass upon real property. Each cause of action is for damages for injuries which plaintiff has sustained in his rights of property and clearly come within the class of injuries denominated by statute as 'injuries to property." Cleveland v. Barrows, 59 Barb. (N. Y.) 374. The causes of action in respondent's complaint were properly united.

Finding no error in the record, the order appealed from is affirmed. No costs to be taxed on this appeal.

POLLEY, P. J., and CAMPBELL, WARREN, and RUDOLPH, JJ., concur.