SMITH, Respondent, v. WIDMANN HOTEL CO., Appellant

(49 N. W.2d 301)

(File No. 9133. Opinion filed October 2, 1951)

Rehearing denied December 11, 1951

**Joseph Robbie, Jr.,** Mitchell, **Alan L. Austin, Irving A. Hinderaker,** Watertown, for Appellant.

**Morgan & Fuller,** Mitchell, for Respondent.

LEEDOM, J. Respondent brought this action in forcible entry and detainer to oust appellant, the operating com-

pany, from the Widmann Hotel property in the City of Mitchell. Appellant held possession under a 15-year lease made with the trustee under the will of Fred Widmann. The lease had more than 6 years to run when the action was started. Respondent claims and the circuit court held that under a proper interpretation of the trust terms of the will the trust had terminated prior to the commencement of this action and that the lease therefore terminated, the trustee being without power to extend the term of a lease beyond the duration of the trust. Incidental to the main issue of validity of the lease the question arose as to the sufficiency of appellant's tender of rent during the period following its failure to vacate after notice to quit. We are of the opinion appellant had a valid lease and did not forfeit it rights through non-payment of rent; and accordingly reverse the judgment from which the appeal is taken.

There is no dispute in the ultimate facts bearing on the main issue. Walter Widmann is the last survivor of the persons named in the Fred Widmann will to share in the rents and profits of the hotel property during the lifetime of each such person. Since our decision does not depend on which is proper of the two interpretations that have been given the trust provisions of the will, there is no purpose in setting out here verbatim the lengthy will provisions nor the language of the interpretation placed on them by the final decree of the Widmann estate entered in 1920. It serves our purpose fully to summarize.

The will directed that the executor "either as executor or trustee" have charge and management of the property and from the rents and profits make annual payments for life to each, the widow and a son Harry, with the surplus over such payments and cost of upkeep to be divided between the son Walter, who appears in this action by his respondent trustee, and a daughter. It further provided that when the payments to the widow and Harry came to an end the trust created should terminate. The will then devised the "use, occupancy, enjoyment and income" of the property to Walter and the daughter jointly, or the survivor, for life, with the remainder to the children of Walter and the daughter.

Notwithstanding these provisions of the will the final decree provided that the title to the property "be conveyed to T. J. Spangler, as Trustee, or his successor in trust, for the uses and purposes named in the Last Will * * *" and, as construed for many years, granted authority to and imposed the duty on the trustee to pay the income according to the will throughout the lives of all beneficiaries including Walter. We are not concerned with such ambiguity as there may be in the final decree.

There is no question in the case as to the rights of any annuitants or of the remaindermen. The dispute involves only Walter,—whether he should have been receiving the full rents and profits as a beneficiary under a trust or the full rents and profits as a life tenant free of a trust, after the payments to the widow and the son Harry came to an end. In our view of the case, as stated, this question is not decisive of the issues.

Mr. Spangler and successor trustees collected and distributed the profits from the property under the trust established by the final decree until May 16, 1949 when by an order of the circuit court this trust was terminated on a finding that the widow and the son Harry were both dead.

Not until about April 18, 1949, in so far as the record discloses, did any of the numerous lawyers or several judges who had occasion to deal with the trust, nor any of the beneficiaries nor any other person, ever question the propriety of the interpretation placed on the will provisions in the final decree. On April 18, 1949, however, Walter Widmann, then the sole person entitled to the profits of the property, made a voluntary assignment to respondent as trustee of his (Walter's) "life estate" in the property; and shortly a petition was filed for the termination of the trust created by the will and the order of termination of May 16, 1949 was entered.

■ During the administration of the trust the trustee had with circuit court approval made a 15-year lease for the hotel with appellant, dated March 8, 1930. This lease was cut short and superseded with a new 15-year lease dated May 14, 1941, the lease here involved. This lease was made after a hearing in circuit court on notice to all parties, and

at which Walter Widmann as beneficiary of the trust was represented by counsel other than counsel for the trustee who were also in attendance on the court. This hearing was held on the petition of appellent setting forth its inability to continue as tenant under the terms of the 1930 lease due to adverse economic conditions and deterioration of the property and requesting a new lease on terms suitable to existing conditions with reduced rent.

The 1930 lease provided a maximum monthly rental of $900. The lease here involved, made in 1941, reduced the rent to $550 per month; and the trial court found the reasonable monthly rent as of the time of the trial to be $1,250.

The respondent trustee has no connection with the trust created by the will, but serves and appears in this action as trustee under the appointment of Walter who saw fit to transfer management of the life estate to respondent.

The hotel building was destroyed by fire in April of 1950; but this circumstance in no way affects the issues presented in this case.

The facts relating to tender of rent accruing after notice to quit are not so clear in the record as the foregoing. By Finding of Fact V the trial court determined that appellant had tendered the rent each month as it came due and that respondent refused the tender. Not entirely consistent with this finding is Finding XXV that on occasions the rent was tendered later than the 1st of the month (when due) "in some instances by check and in some instances by cash." We have no difficulty in reconciling the two Findings in the determination, supported by the evidence, that appellant consistently offered to pay rent during the period in question substantially according to the terms of the lease and that respondent consistently refused to accept payment without making objection to the time or manner of tender.

Respondent contends it was necessary for appellant not only to offer payment of rent but to keep the offer good by deposit under a statutory requirement. It is undisputed that no such deposit was made.

We believe the lease was valid as to the full 15-year term under the doctrine of res judicata as recognized in two

former decisions of this court and the authorities in such cases cited, viz., Keith v. Willers Truck Service, Inc., 64 S. D. 274, 266 N.W. 256, 104 A.L.R. 1471 and Cundy v. Weber, 68 S. D. 214, 300 N.W. 17. The lease was given validity by the approving order of a court having jurisdiction of the subject matter and the parties after a hearing in which Walter Widmann participated and was represented by counsel. All the parties to this later litigation, who also participated in the earlier proceeding, gave full reliance to the validity of the circuit court approval of the lease. It became a final order and for years served as the measure of the parties' rights in their dealings with this property. Estoppel, in which the doctrine of res judicata is founded, has rightfully created in the minds of all men governed by law, a confident assurance that when a proper court has spoken with finality, a right has been irrevocably established. Both the Keith and Cundy cases applied the theory of res judicata in causes of action other than the cause in which the first adjudication was made, a circumstance here present. To the contention that the doctrine has no application to Walter Widmann appearing in this action in a different capacity, that is as a life tenant rather than a beneficiary under the trust, the Keith case suppiles a completely satisfactory analogy. In the hearing resulting in the approval of the lease in 1941 Walter Widmann was the one person, in addition to appellant, who was affected by a change in rent. He was entitled to it all over upkeep and a small monthly payment to the widow. In this case his real status is unchanged; he is still the one person entitled to the rent. In the former proceeding the inquiry was directed to the question "Shall the trustee make this new lease?" The question inescapably involves the issue of the trustee's authority to make the lease. The answer was "Yes." In this proceeding the inquiry involves the issue previously determined stated thus "Did the trustee make a new lease?" The respect that is rightfully due our judicial system requires that the answer to the inquiry remain in the affirmative. Even though he was treated in one proceeding as beneficiary of a trust and in the other as a life tenant we look beyond Walter Widmann's nominal status and find in the two proceedings one man

whose real rights are substantially the same under his different titles.

■■ We recognize a conflict in the authorities but believe the better rule permits trustees to make leases beyond the periods of their trusts if in so doing they give effect to the scheme and intent of the trustor. The two opposing views are well expressed in the opinion of the court and the dissent in Upham v. Plankinton, 152 Wis. 275, 140 N.W. 5, 48 L.R.A., N.S., 1004. The position taken by the majority of the Wisconsin court in this case is in our opinion sound and reasonable. Restatement, Trusts, § 189, Comments d and e; Scott on Trusts, § 189.2-189.4. At least one jurisdiction, California, has seen fit to reverse by statute the opposite rule adopted as case law in South End Warehouse Co. v. Lavery, 12 Cal.App. 449, 107 P. 1008. See 21 So.Cal.L.Rev. 260(1948). We hold untenable respondent's contention that any lease extending beyond the duration of a trust is in contravention of the trust and therefore void under SDC 59.0316. If the lease in the case at bar came within the general purpose and scheme of the trustor it was in furtherance of the trust and valid. Our application of the doctrine of res judicata raises the presumption that all matters bearing on the length of the term of the lease, and its propriety in the trustor's scheme, were duly urged and considered when the lease was approved.

■ On the question of tender of the rent we consider the case of Pittsburg Plate Glass Co. v. Leary, 25 S. D. 256, 126 N.W. 271, 31 L.R.A., N.S., 746, controlling. Respondent relies on SDC 47.0209 providing for extinguishment of an obligation by deposit of an offer. As explained in the Pittsburg Plate Glass Co. case, however, we are not here concerned with the extinguishment of the obligation to pay rent but only one of the incidents of payment, that is preservation of the right to stay in possession. It is urged in respondent's brief that the North Dakota case of Brown v. Smith, 13 N.D. 580, 102 N.W. 171, requiring a deposit, is controlling here. The statutes of North Dakota construed in the Brown case differ from our statutes and the case does not in our opinion alter the rule in the Pittsburg Plate Glass case recognizing

preservation of an incident of payment by mere offer to pay under SDC 47.0227.

The judgment from which the appeal was taken is reversed.

All the Judges concur.