UNITED BENEFIT LIFE INSURANCE COMPANY, Plaintiff,

v.

Janet BRADY and Eloise Espinosa, Defendants.

Civ. A. No. 77–1277–C.

United States District Court, D. Massachusetts.

Jan. 12, 1978.

Gregory Sullivan, Boston, Mass., for plaintiff.

Mark F. Sullivan, Boston, Mass., for Eloise Espinosa.

Wayne A. Perkins, Somerville, Mass., for Janet Brady.

## OPINION

CAFFREY, Chief Judge.

This is a civil action in the nature of interpleader brought by United Benefit Life Insurance Company, a corporation organized under the laws of Nebraska, against Janet Brady, the principal beneficiary, and Eloise Espinosa, the contingent beneficiary, under the provisions of a policy of life insurance issued by plaintiff on the life of one Angel Santos Davila. Plaintiff has paid the $10,000 face amount of the policy into the Registry of Court and seeks a determination as to which of the two beneficiaries is entitled to the proceeds of the policy.

The matter came before the Court on Eloise Espinosa's motion for summary judgment which has been briefed by the parties, and, after hearing, I rule as follows. The following facts, which are established by admissions in defendant Janet Brady's answer to the complaint, affidavits, or authenticated copies of documents, are taken as true for purposes of this ruling.

Plaintiff issued a life insurance policy on March 1, 1973 on the life of Angel Santos Davila in the face amount of $10,000. Eloise Espinosa was named as the principal beneficiary of that policy and the contingent beneficiaries were designated as "the children of the insured share and share alike or to the survivors or survivor of them." An endorsement dated February 28, 1975 named "Janet Brady, Friend" as the principal beneficiary and changed "Eloise Espinosa, Sister" to contingent beneficiary.

On May 16, 1977 Janet Brady pleaded guilty to the felony of conspiring to murder the insured, Angel Santos Davila, as a result of which movant claims that Janet Brady is precluded by public policy from recovering the insurance proceeds. *New York Mutual Life Insurance Co. v. Arm-*

*strong,* 117 U.S. 591, 6 S.Ct. 877, 29 L.Ed. 997 (1886); *Draper v. C.I.R.,* 536 F.2d 944 (1st Cir. 1976); *Slocum v. Metropolitan Life Insurance Co.,* 245 Mass. 565, 139 N.E. 816 (1923).

Janet Brady has filed an affidavit in opposition to the allowance of the motion for summary judgment in which she deposes, in pertinent part, as follows:

1. I am the defendant, Janet Brady, . . . I reside in Framingham, Massachusetts.

2. Prior to the death of the late Angel Santos Davila, I lived with him for a period of five years.

4. Subsequent to the purchase of said policy, Angel Santos Davila and I had a disagreement.

5. I retained the services of one, Robert M. Lee, to assault and batter the insured, Angel Santos Davila. The said Robert M. Lee, took it upon himself without my authority and without my prior knowledge or consent, to murder the insured, Angel Santos Davila.

6. The said Robert M. Lee, was convicted of first degree murder in the Worcester County Superior Court, . . .

7. I was indicted in indictment no. 77–680, for accessory before the fact of murdering one, Angel Santos Davila, and indictment no. 77–681, for conspiracy with Robert M. Lee, to murder one, Angel Santos Davila . . .

8. On advice of counsel, . . . I elected to plead guilty to the charge of conspiracy to commit murder on the person of Angel Santos Davila. On May 16, 1976 . . . [i]ndictment no. 77–680, alleging accessory before the fact of murder, was dismissed. On May 27, 1977, I was sentenced to seven to twenty years at M.C.I. Walpole, to be served at M.C.I. Framingham.

9. My plea relative to indictment no. 77–681 (conspiracy) was made for the purpose of securing a short sentence and avoiding the possibility of being convicted by a jury . . . for the charge of accessory before the fact of murder. At no time did I desire that Angel Santos

Davila be murdered, and at no time did I conspire with one Robert M. Lee to murder Angel Santos Davila.

A death certificate on file establishes that on September 20, 1976 Angel Santos Davila died of "gunshot wound of abdomen with sepsis—homicidal."

*Slocum v. Metropolitan Life Insurance Co., supra* at 567, 139 N.E. at 816, established the law of this Commonwealth to be that "it would be contrary to public policy to permit a beneficiary who has feloniously taken the life of an insured to recover on the policy." The *Slocum* rule has been followed by the Court of Appeals for this Circuit in *Draper v. C.I.R., supra.* Having in mind Janet Brady's concession that she retained Robert M. Lee "to assault and batter" the late Angel Santos Davila, I rule that Janet Brady, by unleashing a potentially homicidal force over which she had no effective control, is precluded as a matter of public policy from recovering the $10,000 proceeds which she says unexpectedly turned out to be the fruits of her intentional criminal conduct.

The case of *Minasian v. Aetna Life Insurance Co.,* 295 Mass. 1, 3 N.E.2d 17 (1936), upon which Janet Brady relies in opposing the motion, has no application herein in view of the concession in her affidavit that she arranged with Lee for the assault and battery on the late Angel Santos Davila. The ruling in the *Minasian* case applies only where there has been nonwillful and unintentional conduct, such as the involuntary manslaughter which occurred in that case. It is elementary law that both criminal assault and battery are intentional felonies.

It also should be noted that, because of the substantial admissions made by Janet Brady in her affidavit as to her responsibility for initiating the chain of events which culminated in the death of the insured, it is not necessary to rule whether or not she is also precluded from recovery by her guilty plea to the crime of conspiracy to murder.

Accordingly an Order will enter allowing Eloise Espinosa's motion for summary judgment.