### ARKANSAS LOUISIANA GAS CO., Appellant,

v.

### A. D. LUSTER, David Wilkins and Mike Kinard, Farmer's Seafood Company, Inc., Bank of Northeast Arkansas, First National Bank of Poinsett County, First Security Bank of Searcy, Paul L. Simpson and Norma Simpson, Appellees.

### No. 79–1110.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 10, 1979.

Decided Aug. 22, 1979.

Rehearing and Rehearing En Banc Denied Sept. 19, 1979.

G. D. Walker, Frierson, Walker, Snellgrove & Laser, and Anthony W. Bartels, Jonesboro, Ark., for appellant.

Kelley Webb, Trumann, Ark., for appellee, Farmer's Seafood Co.

---

Parker & Henry, Michael R. Walden, Jonesboro, Ark., for appellee, Bank of Northeast Arkansas.

Comer Boyett, Jr., Boyett & Morgan, Searcy, Ark., for appellee, First Security Bank.

Bill W. Bristow, Jonesboro, Ark., for appellee, A. D. Luster.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

This is an appeal by Arkansas Louisiana Gas Co. (Ark. Gas) from a judgment rendered in an interpleader action in the United States District Court for the Eastern District of Arkansas, Judge Arnold, presiding, Equifax, Inc. v. Luster et al., 463 F.Supp. 352. Jurisdiction in the lower court was predicated on 28 U.S.C. § 1335.

In December of 1976, A. D. Luster obtained a judgment against Equifax, then known as Retail Credit Company. That judgment was affirmed by the court in *Luster v. Retail Credit Co.,* 575 F.2d 609 (8th Cir. 1978) upon the condition of a remittitur reducing the judgment from $150,000 to $50,000. *Id.* at 619–20. The remittitur was filed on June 15, 1978. *See Equifax, Inc. v. Luster,* 463 F.Supp. 352, 353 (E.D.Ark.1978). Between December of 1976 and June 15, 1978, various judgment creditors of A. D. Luster attempted to enforce their judgments against him by garnishing the fund held by Equifax. Ark. Gas chose to establish its lien on the fund by a creditor's suit it instituted in a court of chancery on June 14, 1978. *See* Ark.Stat.Ann. § 30–901 (1962). On June 23, 1978, Equifax instituted an interpleader action under 28 U.S.C. § 1335, joining Luster and his judgment creditors as defendants.

The district court treated the pleadings as a motion for summary judgment, and awarded priority first to attorneys for Equifax, and then to attorneys for Luster. The court allocated the remainder of the fund to three judgment creditors whose writs of garnishment had been served prior to the time Ark. Gas filed its creditor's suit. Since those claims were sufficient to exhaust the interpleaded fund, Ark. Gas was not included in the order distributing the fund.

Ark. Gas argues in this appeal that (1) the priorities among the parties should have been determined under Arkansas law, and (2) that according to the principles established in Arkansas case law, Ark. Gas was entitled to priority over all other claimants to the fund.

The first issue can be disposed of with dispatch. Although Judge Arnold indicated that the result in this case would have been the same under principles of federal decisional law, he based his decision upon his interpretation of Arkansas law.

Since Ark. Gas argues that it alone followed the correct procedure for establishing a lien on the funds, the sole issue before this court is whether the district court was correct in concluding that the Supreme Court of Arkansas would uphold the validity of the garnishments upon the facts of this case. We have carefully examined the briefs of the parties and the record and affirm on the basis of Judge Arnold's well-reasoned opinion.