**LIFE INSURANCE COMPANY OF NORTH AMERICA**

v.

**Roberta Beasley NAVA and Angelica Nava.**

**Civ. A. No. 82–920–A.**

United States District Court, M.D. Louisiana.

June 29, 1987.

Francis G. Weller, Deutsch, Kerrigan & Stiles, New Orleans, La., for plaintiff.

Marlene M. Krousel, Baton Rouge, La., for defendant Roberta Beasley Nava.

William P. Brumfield, Brumfield & Brumfield, Baton Rouge, La., for defendant Angelica Nava.

JOHN V. PARKER, Chief Judge.

This matter is before the court on plaintiff's motion for an award of attorney's fees and costs and upon the motion of the court appointed attorney for absent defendant for costs and attorney's fees. No opposition has been filed. There is no need for oral argument.

Plaintiff, Life Insurance Company of North America, filed this interpleader action under 28 U.S.C. § 1335 and Fed.R. Civ.P. 22 to determine the proper beneficiary of a life insurance policy issued on the life on Esiquiel Fernandez Nava. Because the insurance company did not deposit the proceeds of the policy in the registry of the court or post bond, the court has no jurisdiction under 28 U.S.C. § 1335 and can only proceed under Rule 22, where deposit is not required. *Bauer v. Uniroyal Tire Co.*, 630 F.2d 1287 (8th Cir.1980). The court finds that there is complete diversity of citizenship and thus the court does have jurisdiction.

The court recently granted a motion for summary judgment made by defendant-claimant, Agelica Nava, finding the other defendant-claimant, Robert Beasley Nava, was precluded from claiming the proceeds under the terms of the policy.

Plaintiff, Life Insurance Company, seeks an award of reasonable attorney's fees and costs to be paid in preference and priority from the proceeds of the policy. Plaintiff submits copies of invoices for attorney's fees and costs that it has incurred as a result of this lawsuit. The total amount of attorney's fees charged is $2,570; the total costs are $427.69.

In an interpleader action, as a matter of federal policy, costs and attorney's fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stakeholder. *Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494 (11th Cir.1986); *Perkins State Bank v. Connolly*, 632 F.2d 1306 (5th Cir.1980). Here, however, the "stakeholder" has failed to deposit the proceeds of the policy and has had the free use of the money since the date of death, November 19, 1981. Ultimately, the award of costs and attorney's fees to the plaintiff in interpleader type actions is in the court's discretion.

As noted in Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d § 1719:

> Because of the discretionary character of the court's power, and because its exercise depletes the fund, costs and fees will not be allowed as a matter of course. *Typically* they are available only when the party initiating the interpleader is acting as a mere stakeholder, which means that he has admitted liability, *has deposited the fund in court*, and has asked to be relieved of any further liability. (footnotes omitted)

See also, 3A Moore's Federal Procedure § 22.16(2).

Moreover, the filing of such actions is routine business for the insurance company and such costs have been denied on that ground even where the proceeds were deposited. See, e.g., *Metropolitan Life Ins. Co. v. Holding*, 293 F.Supp. 854 (E.D.Va. 1968). Accordingly, plaintiff's motion for

costs and attorney's fees is hereby DE-NIED.

▉ The court notes that the attorney appointed to represent the unsuccessful, absentee claimant has filed a motion "to set curator's fees and expenses." The curator requests that the court order plaintiff to pay as costs her fees in the amount of $300 and expenses in the amount of $94.66. A supporting affidavit and exhibits have been filed in the record.

The recovery of attorney's fees by claimants in an interpleader action is regulated by the law of the forum state. See *Perkins*, supra. Normally, the curator is entitled to a reasonable fee for his service "which shall be paid by the plaintiff but shall be taxed as costs of court." La. Code Civ.P. art. 5096. However, since this is an interpleader action, the curator's fees and expenses will be taxed against the successful claimant and she can pay it from the amount of the proceeds of the policy. The court hereby grants curator's motion and finds that the curator is entitled to $300 as payment for reasonable attorney's fees and costs in the amount of $94.66 to be taxed against defendant, Angelica Nava. Judgment will be rendered accordingly.