## MASSACHUSETTS INDEMNITY AND LIFE INSURANCE COMPANY

v.

### Franklin R. KING, et al.

### Civ. A. No. 87–951–B.

United States District Court, M.D. Louisiana.

Sept. 15, 1988.

**308**

Francis G. Weller, Deutsch, Kerrigan & Stiles, New Orleans, La., for plaintiffs.

Ralph Brewer, Baton Rouge, La., Franklin R. King, Kentwood, La., for Barbara Jean Oakley.

Richard Holley, Springfield, La., for Franklin R. King in Criminal matter.

RULING ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND AWARD OF COSTS AND ATTORNEY'S FEES

POLOZOLA, District Judge.

Massachusetts Indemnity and Life Insurance Company ("MILICO") filed an interpleader action which named Franklin R. King and Barbara Jean Oakley as claimants to a life insurance policy issued by MILICO. MILICO has moved for judgment on the pleadings discharging it from all further liability on the policy, and for recovery of costs and reasonable attorney's fees. For the reasons which follow, MILICO's motion is granted.

MILICO issued a $100,000 life insurance policy naming Janice M. King as the insured and Franklin R. King and Barbara Jean Oakley as the principal and contingent beneficiaries, respectively. Franklin R. King has been convicted of manslaughter for the killing of the insured and is now incarcerated pending appeal. If his conviction is upheld on appeal, King will be ineligible to receive the benefits of the insurance proceeds.

Barbara Jean Oakley alleges that the Court should deny MILICO costs and attorney's fees because:

(1) Statutory interpleader does not provide for the award of costs and attorney's fees to a plaintiff insurance company;

(2) MILICO prematurely interpleaded claimants; and

(3) The marriage of Franklin and Janice King was not valid; therefore, Franklin King is not a valid beneficiary.

Although the interpleader statute does not expressly provide for the award of costs and attorney's fees, the cases nevertheless have implied such a provision. The Fifth Circuit Court of Appeals in *Perkins State Bank v. Connolly*, 632 F.2d 1306 (5th Cir.1980) noted that "costs and attorney's fees are generally awarded by federal courts to the plaintiff who initiated the interpleader as a mere stakeholder...." *Id.* at 1311.[1] MILICO clearly fits the description of "a mere stakeholder."

The authorities on which Barbara Jean Oakley relies indicate that "a party who seeks interpleader prematurely or without sufficient basis for believing that he will be subjected to multiple vexation will be denied costs and fees. The effect of this judicial attitude, which quite properly seeks to protect the integrity of the fund, is to impose on the stakeholder a threshold duty to inquire into the legitimacy of the claims and to act in timely fashion."[2] However, the same commentators proceed to note that there is a risk "that if this duty becomes too burdensome, resort to interpleader will be discouraged and the desirable benefits of that remedial procedure may be lost."[3]

The issue in this case is whether or not MILICO has met its threshold duty with respect to King's eligibility to receive the proceeds. The facts of this case clearly show that it has. The instant case is almost identical to *United Benefit Life Insurance Co. v. Brady*, 443 F.Supp. 762 (D.Mass.1978). In *Brady*, the court allowed an insurance company to file a civil action in the nature of an interpleader when the principal beneficiary of a life insurance policy pleaded guilty to conspir-

1. *See also Life Ins. Co. of N. Am. v. Nava*, 667 F.Supp. 279, 280 (M.D.La.1987).

2. 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1719 (2d ed. 1986) (footnote omitted).

3. *Id.*

ing to murder the insured. This Court sees no reason to saddle an insurance company with the burden of ascertaining the guilt or innocence of a beneficiary. Considering the fact that King pleaded not guilty and went to trial and is now appealing his conviction is more than sufficient justification to support MILICO's decision to file an interpleader.

Finally, Barbara Jean Oakley alleges that the King marriage was invalid and King could not be the beneficiary of the life insurance policy. Therefore, she contends that MILICO was unjustified in interpleading claimants. This contention has no merit. The validity of the marriage does not bear on King's status as a beneficiary. As the Louisiana Supreme Court noted in *Sizeler v. Sizeler,* 170 La. 128, 127 So. 388, 389 (1930). The "right of the defendant to the avails of the policies in this case does not arise from legal coverture, nor from the civil effects of marriage contracted in good faith, but solely from the terms of the policies in which she has been named the beneficiary by the decedent." Moreover, even if the validity of the marriage was relevant, this issue should be determined by the Court in the interpleader action rather than by MILICO through its own investigation.

MILICO seeks $473.15 in costs and $1,675.00 for attorney's fees incurred in filing this action. The Court finds these sums to be reasonable and each is hereby approved.

Therefore:

IT IS ORDERED that Massachusetts Indemnity and Life Insurance Company's motion for judgment on the pleadings discharging it of all further liability on the Janice M. King insurance policy be hereby GRANTED.

IT IS FURTHER ORDERED that Massachusetts Indemnity and Life Insurance Company be paid $473.15 in costs and $1,675.00 in attorney's fees from the proceeds of the policy.